Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  scole@scalaw.com
Email:  lvannote@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiff(s), *et al.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA JONES, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>TIREHUB, LLC,<br>　　　　　　　　Defendant. | Case No. 2:21-CV-00564-JAM-DB<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, PENALTIES AND RESTITUTION**<br><br>**[JURY TRIAL DEMANDED]** |

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.　　This is a class and representative action seeking unpaid compensation for wages, meal and/or rest period violations, interest thereon, liquidated damages and other penalties, reimbursement for business-related expenses incurred, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, 210, 218, *et seq.*, 223, 225.5, 226, *et seq.*, 256, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, *et seq.,* 1197,

1197.1, 1198, 2698, *et seq.*, 2800, 2802, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5.

2. Representative Plaintiff Donshea Jones ("Representative Plaintiff" or "Plaintiff") brings this action individually and on behalf of all other persons similarly situated ("Class Members" and/or the "Plaintiff Class") who are or have been employed by Defendant Tirehub, LLC as non-exempt employees within the State of California within the applicable class period.

3. The relevant "class period" begins on February 10, 2017 and extends through trial, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

4. Within the relevant class period, Representative Plaintiff worked for Defendant between November 1, 2020 and March 30, 2021, and alleges a violation during each pay period worked.

5. The relevant period for recovery of penalties under California's Private Attorneys General Act begins on February 10, 2020 and extends through trial (i.e., the "PAGA period"), based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

6. Representative Plaintiff and those persons working for Defendant in California as non-exempt employees within these periods and trial, inclusive, are referred to herein as "Class Members," "Aggrieved Employees" or both.

7. Throughout the class and PAGA periods, Defendant has had a consistent policy of (1) unlawfully denying Representative Plaintiff, Aggrieved Employees and Class Members statutorily-mandated meal and rest periods, (2) failing to pay these workers' wages in the event of such failures, (3) willfully failing to pay these workers at least the minimum wage for all hours worked, (4) willfully failing to pay these workers' overtime wages at the correct rate, (5) willfully failing to reimburse these workers for all necessary business-related expenses, (6) willfully failing to provide these workers with accurate semimonthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect

during the respective pay periods, and (7) willfully failing to pay compensation in a prompt and timely manner to those workers whose employment with Defendant has terminated.

8. Defendant operates/operated a chain of tire distribution centers within California for which Representative Plaintiff worked as a driver/material handler. Representative Plaintiff is informed and believes and, on that basis, alleges that, within the class and PAGA periods, Defendant employed thousands of individuals in California to perform these services, employment positions which did not, and currently do not, meet any known test for exemption from the payment of overtime wages, wages at or above the state-mandated minimum level(s) each relevant year, reimbursements for business-related expenses incurred and/or the entitlement to meal or rest periods.

9. Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to pay all wages due (including missed meal and rest period premiums) and/or all penalties due (including "waiting time" penalties) to their California-based non-exempt employees.

10. Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

11. Despite Defendant's knowledge of its workers' entitlements in these respects, Defendant failed to provide same to Representative Plaintiff, Aggrieved Employees and/or Class Members, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this prolonged pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the claims brought herein for unpaid wages, other damages and/or penalties, etc. under, *inter alia*, the applicable Industrial Welfare Commission Wage Order (as effectuated through the California Labor Code), Title 8 of the California Code of

1  Regulations, Labor Code §§ 201-204, 226, 226.7, 512, 1174, 2699 and 2802, *inter alia*, and/or the
2  California Code of Civil Procedure § 1021.5, and 28 U.S.C. §§1332, 1441, 1446, and 1453.

3      13.    This Court also has jurisdiction over the claims brought herein for injunctive relief
4  and restitution of ill-gotten benefits arising from Defendant's unfair and/or fraudulent business
5  practices under California Business & Professions Code § 17200, *et seq.*

6      14.    Venue as to Defendant is proper in this judicial district pursuant to 28 U.S.C. §
7  1391. Defendant does business in the Eastern District of California and transacts business, has
8  agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The
9  unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly
10 situated within this judicial district. Defendant operates facilities and has employed Aggrieved
11 Employees and Class Members in this judicial district as well as throughout the State of California.

### PLAINTIFF(S)

15.    Representative Plaintiff Donshea Jones is a natural person who was employed by defendant Tirehub, LLC as a driver and material handler during the class and PAGA periods.

16.    In these capacities, Representative Plaintiff is and was entitled to full, uninterrupted and statutorily-mandated meal and rest periods, payment of minimum and/or overtime wages, as well as other benefits of employment as set forth herein.

### DEFENDANT(S)

17.    Defendant Tirehub, LLC is a national tire distributor that delivers the full passenger and light truck tire portfolios of Bridgestone and Goodyear to tire and automotive retailers across the State of California and across the nation.

18.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at all times herein relevant, Defendant Tirehub, LLC did business within the State of California providing tire distribution services.

19.    Defendant Tirehub, LLC is a limited partnership liability company formed under the laws of the State of Delaware.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## **CLASS ACTION ALLEGATIONS**

20. The Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff Class:

> "All persons employed by Defendants as non-exempt employees on or after February 10, 2017."

21. Defendant's officers and directors are excluded from the Plaintiff Class.

22. Pursuant to California Rule of Court 3.765(b), Representative Plaintiff reserves the right to amend or modify the class definition to achieve greater specificity, by further division into sub-classes and/or by limitation to particular issues.

23. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable, to wit.

    a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy as to certain claims brought herein. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that the Plaintiff Class totals hundreds of workers, thus meeting the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records required to be maintained by Defendant.

    b. <u>Commonality</u>: The Representative Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1) Whether Defendant maintained a policy and/or practice of failing to provide employees with meal and/or rest periods and/or failing to pay premium wages to Class Members in the event of such failures;

        2) Whether Defendant failed to pay minimum wages to Class Members for all time worked;

        3) Whether Defendant failed to pay overtime wages to Class Members for all hours worked beyond 40 in a workweek and/or eight in a workday;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

4) Whether Defendant violated California Labor Code §§ 201-204 by failing to pay wages due and owing each pay period and/or at the time that certain Class Members' employment with Defendant terminated;

5) Whether Defendant violated California Labor Code § 226 by failing to provide accurate semimonthly itemized statements to Class Members of their amounts of gross and net wages, and total hours worked by each and at all applicable hourly rates in effect during the respective pay period(s);

6) Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

7) Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203;

8) Whether Defendant failed to reimburse Class Members for all necessary business expenses incurred during the discharge of their duties;

9) Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to provide meal and/or rest breaks, all wages due, and reimbursements for business-related expenses to Class Members working eligible shifts.

c. Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those applicable to the Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk

of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

24. Representative Plaintiff, Aggrieved Employees and Class Members are and/or were non-exempt employees who worked for Defendant as drivers and material handlers in California within the relevant time period. In these roles, Representative Plaintiff, Aggrieved Employees and Class Members provided services including driving, moving and loading materials for Defendant's customers.

25. As described herein, Defendant knowingly failed to adequately compensate Representative Plaintiff, Aggrieved Employees and Class Members for all wages earned (including premium wages such as compensation for missed meal and/or rest periods) under the applicable IWC Wage Order, the applicable California Code of Regulations provisions and provisions of the California Labor Code, thereby enjoying a significant competitive edge over other service providers.

26. Defendant has declined to pay these wages, even upon its workers' terminations from or their resignation of employment, in blatant violation of California Labor Code § 201 and/or § 202.

27. California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed immediately upon discharge or within 72 hours of resignation of those positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay each subject employee's wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

28. Furthermore, despite knowledge of these workers' entitlement to compensation for all hours worked, Defendant violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by Representative Plaintiff, Aggrieved Employees and Class Members. Defendant also failed to provide these workers with accurate

semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due, but has also, at least largely, shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

29. Representative Plaintiff, Aggrieved Employees and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite many of them having been terminated by Defendant and/or resigned from Defendant's employ. More than 30 days have passed since certain Aggrieved Employees and Class Members have left Defendant's employ.

30. As a consequence of Defendant's willful conduct in not paying former employees' compensation for all hours worked in a prompt and timely manner, certain members of the Plaintiff Class are entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

31. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including the loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff, Aggrieved Employees and Class Members are also entitled to recover costs and attorneys' fees pursuant to statute(s).

32. Representative Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members under

California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while their non-exempt workers bear the financial brunt of Defendant's unlawful conduct.

33. Representative Plaintiff Donshea Jones has complied with the procedures necessary to maintain a civil action against Defendant for violation of California's Private Attorneys General Act, as specified in California Labor Code § 2699.3.

34. On February 10, 2021, Representative Plaintiff Donshea Jones served and filed a notice upon the California Labor and Workforce Development Agency ("LWDA") and Defendant in compliance with Labor Code §§ 2699, *et seq.*

**FIRST CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY WAGES**
**(California Labor Code §§ 200-204, 510, 558, 1194 and 1198; IWC Wage Order)**

35. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

36. Throughout the class period, Representative Plaintiff, Aggrieved Employees and Class Members performed work for Defendant, oftentimes in excess of eight hours in a workday and/or 40 hours in a workweek. The number of hours will be proven at trial.

37. Representative Plaintiff worked more than forty hours without being properly compensated between November 1, 2020 and March 30, 2021.

38. Representative Plaintiff's average length of workweek was, at minimum, forty hours.

39. Representative Plaintiff's average rate of pay was $19.00.

40. Throughout the class period, Defendant refused to compensate Representative Plaintiff, Aggrieved Employees and Class Members for all of the wages earned, in violation of the applicable IWC Wage Order, the applicable California Code of Regulations provisions and provisions of the California Labor Code.

41. Throughout the class period, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§ 510, 1194, and 1198.

42. California Labor Code § 510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

43. California Labor Code § 1194(a), in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

44. California Labor Code § 1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

45. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

46. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

47. By refusing to compensate Representative Plaintiff, Aggrieved Employees and Class Members for overtime wages earned and/or pay levels meeting the California minimum wage, Defendant violated those California Labor Code provisions cited above as well as the applicable IWC Wage Order and California Code of Regulations provisions.

48. Defendant's conduct, as heretofore detailed, represents an underpayment of wages pursuant to California Labor Code §§ 218, *et seq.*, 225.5, 558, 1182.12, 1194.2, 1197, 1197.1 and

1198, for which Representative Plaintiff and Class Members seek damages and/or penalties according to proof.

49. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including a loss of earnings for hours worked (including overtime hours worked) on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover penalties in amounts to be established at trial, as well as interest, liquidated damages, restitution, attorneys' fees and costs, pursuant to statute(s).

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

50. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

51. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 226.7 and §512.

52. California Labor Code § 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

53. Moreover, California Labor Code § 512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a

work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

54. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt employees.

55. Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes…

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

56. Moreover, Section 12 of the applicable IWC Wage Order provides:

(B) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ….

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

57. Representative Plaintiff suffered one or more meal and/or rest break violations between November 1, 2020 and March 30, 2021.

58. Representative Plaintiff's average workday consisted of, at minimum, eight hours.

First Amended Complaint for Damages, Declaratory and Injunctive Relief, Penalties and Restitution

59. Representative Plaintiff, Aggrieved Employees and Class Members were not provided with meal periods of at least 30 minutes for each five-hour work period and/or rest periods of at least net 10 minutes for each four-hour work period, or major fraction thereof. These violations of law were the result of, *inter alia*, Defendant's policies of: (1) not scheduling a meal or rest period as a part of Representative Plaintiff's and each Aggrieved Employee's and Class Member's work shift, (2) not allowing these employees to take meal and rest periods until they were released by their supervisors, and (3) scheduling employees in a manner that made it difficult to enjoy timely, full and uninterrupted meal and/or rest periods because required tasks could not be completed if breaks were taken. On many occasions, these non-exempt employees missed meal and rest breaks altogether, remained "on call" during the pendency of otherwise ostensible break periods, were compelled to wait well beyond the fifth hour to take their meal periods, were interrupted during said breaks and/or were required to "piggyback" breaks in a manner that violated California law.

60. Defendant maintained a policy that permitted only one rest period during an eight-hour shift, which instructed employees they were not permitted a second rest period.

61. Defendant affirmatively informed employees they were not entitled to breaks required under the California labor code.

62. Representative Plaintiff was further prevented from taking breaks by Defendant's routine practice of failing to provide adequate staffing such that Representative Plaintiff was not relieved from duty to take breaks.

63. Representative Plaintiff was further prevented from taking breaks by Defendant's prohibition of overtime, such that Representative Plaintiff has to forgo breaks to fulfil employment obligations and responsibilities within the allotted time.

64. By failing to consistently provide full, on-time, uninterrupted and duty-free thirty-minute meal periods and/or net 10-minute rest periods to Representative Plaintiff, Aggrieved Employees and Class Members, Defendant violated the California Labor Code, applicable IWC Wage Order provisions and the applicable California Code of Regulations provisions.

65. Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has either never paid the one hour of compensation to any Aggrieved Employee or Class Member due to Defendant's violations of the applicable IWC Wage Order, the applicable California Code of Regulations provisions and provisions of the California Labor Code and/or has insufficiently paid these premiums.

66. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover penalties in amounts to be established at trial, as well as interest, restitution, attorneys' fees and costs, pursuant to statute(s).

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

67. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

68. California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

69. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

70. Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

71. Defendant has failed to provide timely and accurate itemized wage statements to the Representative Plaintiff, Aggrieved Employees and Class Members in accordance with, *inter alia*, California Labor Code § 201-204, 226, 226.3, 226.7, 512, 1174, 1174.5 and 2810.5. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned or the appropriate deductions of Representative Plaintiff, Aggrieved Employees or Class Members.

72. Specifically, Defendant failed to comply with Labor Code section 226(a) as "gross wages earned," "total hours worked by the employee," "net wages earned," and/or "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in the wage statements of Representative Plaintiff, Aggrieved Employees and/or Class Members, to wit: certain hours worked, and certain premiums due as a result of overtime hours worked and/or failures to provide and/or make available meal and rest breaks were omitted.

73. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover penalties in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute(s).

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PAY WAGES ON TERMINATION**
**(California Labor Code § 203)**

74. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

75. California Labor Code § 203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

76. Numerous Aggrieved Employees and Class Members were employed by Defendant during the class period and were, thereafter, terminated or resigned from their positions, yet they were not paid all premium (e.g., overtime, meal/rest period violations) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

77. More than 30 days have elapsed since certain Aggrieved Employees and Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

78. As a direct and proximate result of Defendant's willful conduct in this regard, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 and 256 in an amount to be established at trial, as well as attorneys' fees and costs, pursuant to statute(s).

**FIFTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200-17208)**

79. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

80. Representative Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful and/or fraudulent business practices described herein.

81. Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

82. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented, *inter alia*, by the damages to the Representative Plaintiff and Class Members herein alleged, as incidental to Defendant's business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices, ordinarily borne by their responsible competitors and as set forth in legislation and the judicial record.

**SIXTH CLAIM FOR RELIEF**
**PRIVATE ATTORNEYS GENERAL ACT CLAIM**
**(California Labor Code §§ 2699, et seq.)**

83. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

84. California Labor Code § 2699(a) provides, in pertinent part:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an Aggrieved Employee on behalf of themselves or herself and other current or former employees. . .

85. Representative Plaintiff and each and every other non-exempt employee working in California for Defendant within one year of the exhaustion of the administrative prerequisites under the California Private Attorneys General Act, as described herein, are "Aggrieved Employees," as defined by California Labor Code § 2699(c), because she/they was/were employed by Defendant and were among the employees against whom the violations of law articulated in this Complaint were committed.

86. These Aggrieved Employees share each and every one of the factual underpinnings and predicate violations articulated in the preceding paragraphs of this Complaint with Class Members and the Representative Plaintiff.

87. As set forth above, Representative Plaintiff has met all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendant for

violations of (and/or recovery on behalf of the State of California under) California's Private Attorneys General Act.

88. Representative Plaintiff Donshea Jones brings this action on direct and/or indirect behalf of all Aggrieved Employees, alleging violations of the California Labor Code provisions cited in the preceding paragraphs.

89. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff, Aggrieved Employees and the State of California are entitled to recover penalties as provided by California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute(s).

## **RELIEF SOUGHT**

**WHEREFORE, the Representative Plaintiff**, individually, in a qui tam representative capacity and/or on behalf of the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendant as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under FRCP Rule 23 and/or 29 U.S.C. § 216;

2. That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay all wages due under the California Labor Code, the applicable California Industrial Welfare Commission Wage Order and the applicable California Code of Regulations provisions;

3. That the Court make an award to the Representative Plaintiff and Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not adequately provided;

4. That the Court make an award to the Representative Plaintiff and Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not adequately authorized and permitted;

5. That the Court make an award to the Representative Plaintiff and Class Members of penalties, pursuant to California Labor Code §§ 203, 226, 558 and 1174.5 and/or liquidated damages pursuant to § 1194.2, in amounts to be proven at trial;

6. That the Court order Defendant to pay restitution to the Representative Plaintiff and Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

7. That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.;*

8. For interest on the amount of any and all economic losses, at the prevailing legal rate(s);

9. That the Court declare, adjudge and decree that this action is a proper representative action and that Representative Plaintiff has standing to pursue it, pursuant to California Labor Code § 2699, *et seq.;*

10. That the Court make an award of civil penalties to Aggrieved Employees and the State of California, pursuant to California Labor Code § 2699, *et seq.*;

11. For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5, and Labor Code §§ 218.5 and/or 2699, *et seq.*;

12. For costs of suit and any and all such other relief as the Court deems just and proper; and

13. For all other Orders, findings and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiff, individually and in her various representative capacities hereby demands a trial by jury on all issues triable by jury.

Dated: May 3, 2021            **SCOTT COLE & ASSOCIATES, APC**

By:    */s/ Laura Van Note* _____
Laura Van Note, Esq.
Attorneys for Representative Plaintiff(s), *et al.*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800