UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TIREHUB, LLC,<br><br>    Defendant. | No. 2:21-cv-00564-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Donshea Jones ("Plaintiff") brings this putative wage and hour class action against Tirehub, LLC ("Defendant"). See First Am. Compl. ("FAC"), ECF No. 7. Defendant moves to dismiss the FAC for failure to state a claim and for failure to plead exhaustion of administrative remedies under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699, *et seq*. See Mot. to Dismiss ("Mot."), ECF No. 10. In the alternative, Defendant moves for a more definitive statement under Federal Rule of Civil Procedure 12(e). Id. Plaintiff filed an opposition, see Opp'n, ECF No. 15, to which Defendant replied, see Reply, ECF No. 18.

For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss.[1]

## I. BACKGROUND

Defendant operates a national chain of tire distribution centers which provide Bridgestone and Goodyear tires to tire and automotive retailers. FAC ¶¶ 8,17. Plaintiff worked at one of Defendant's California centers as a driver and material handler between November 1, 2020 and March 30, 2021. Id. ¶¶ 4, 8.

On February 10, 2021, Plaintiff filed this action in Solano County Superior Court alleging violations of the California Labor Code and California Business & Professions Code. See Not. of Removal at ¶ 2, EFC No. 1. On March 26, 2021, Defendant removed the action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Id. ¶ 1. Pursuant to a stipulation, see Stip, ECF No. 6, Plaintiff filed an amended complaint on May 4, 2021. See FAC.

Plaintiff asserts the following state law claims against Defendant: (1) unlawful failure to pay wages in violation of Cal. Lab. Code §§ 200-204, 510, 558, 1194, 1198; (2) failure to provide meal and rest periods in violation of Cal. Labor Code §§ 226.7, 512; (3) failure to provide accurate itemized wage statements in violation of Cal. Lab. Code §§ 226, 1174; (4) failure to pay wages on termination in violation of Cal. Lab. Code § 203; (5) unlawful business practices under California's

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 6, 2021.

Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17208; and (6) a PAGA claim. Id. ¶¶ 35-89. Plaintiff seeks monetary, declaratory, and injunctive relief. Id. at 18-19.

## II.  OPINION

### A.  Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). At this stage, the court "must accept as true all of the allegations contained in a complaint." Id. at 678. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

### B.  Analysis

#### 1.  PAGA Claim

Defendant first moves to dismiss the PAGA claim, arguing Plaintiff failed to plead compliance with PAGA's administrative notice requirements. Mot. at 5-6; Reply 1-3.

California Labor Code Section 2699.3 requires that prior to commencing a civil suit, an aggrieved employee or representative must provide written notice to the Labor and Workforce Development Agency ("LWDA") through online filing and to the employer by certified mail. Cal. Lab. Code § 2699.3(a)(1). The written notice must include "the specific provisions of [the Labor Code] alleged to have been violated, including the facts

3

and theories to support the alleged violation." Id. The Ninth Circuit has specified that "a string of legal conclusions with no factual allegations or theories of liability to support them" is insufficient to provide notice to either the LWDA or to an employer. Alcantar v. Hobart Service, 800 F.3d 1047, 1057 (9th Cir. 2015).

Here, Plaintiff did not attach a copy of his PAGA notice letter to the complaint. See FAC. Instead, Plaintiff contends he substantively pled compliance. Opp'n at 3-4. His allegations are as follows: "Representative Plaintiff Donshea Jones has complied with the procedures necessary to maintain a civil action against Defendant for violation of California's Private Attorneys General Act, as specified in California Labor Code § 2699.3." Id. ¶ 33. "On February 10, 2021, Representative Plaintiff Donshea Jones served and filed a notice upon the California Labor and Workforce Development Agency ("LWDA") and Defendant in compliance with Labor Code §§ 2699, *et seq.*" Id. ¶ 34. "As set forth above, Representative Plaintiff has met all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendant for violations of (and/or recovery on behalf of the State of California under) California's Private Attorneys General Act." Id. ¶ 87.

Defendant argues these allegations are insufficient to show compliance with the PAGA notice requirements under this Court's decision in Krauss v. Wal-Mart Inc, No. 2:19-cv-00838-JAM-DB, 2020 WL 1874072, at *8-9 (E.D. Cal. Apr. 15, 2020). Mot. at 6. In Kraus, the plaintiff similarly did not attach a copy of the

4

1    PAGA notice letter and provided bare-bones allegations in her
2    complaint.  2020 WL 1874072, at *8.  The Court dismissed
3    plaintiff's PAGA claim, explaining that "without including the
4    facts and theories Plaintiff provided to LWDA in her complaint,
5    the Court cannot independently conclude that she has satisfied
6    the requirements of the statute as a matter of law."  Id. at *9
7    (internal citation and quotation marks omitted).

8         Plaintiff counters that Krauss is distinguishable "because
9    Plaintiff has provided this court with a copy of his LWDA letter"
10   as an exhibit to the opposition brief and because "the facts and
11   theories provided to the LWDA were integrated into [the] FAC."
12   Opp'n at 3.  Both of these arguments fail.  First, the facts and
13   theories provided to the LWDA were not integrated into the FAC:
14   Plaintiff did not allege what the contents of his PAGA notice
15   letter were including what facts and theories supported his
16   claim; instead, Plaintiff merely pleads in conclusory terms that
17   he "complied."  FAC ¶¶ 33, 34, 87; see also Opp'n at 3-4
18   (referring the Court to FAC ¶¶ 15, 59, 60, 61).  Thus, as in
19   Krauss, the Court "cannot independently conclude that [Plaintiff]
20   has satisfied the requirements of the statute as a matter of
21   law."  2020 WL 1874072, at *9.

22        Second, Plaintiff attempts to demonstrate compliance through
23   an unauthorized introduction of extrinsic evidence beyond the
24   allegations in the FAC.  See Ex. A to Van Note Decl., ECF No. 16-
25   1; see also Opp'n at 3.  Plaintiff acknowledges the well-settled
26   rule that in deciding motions to dismiss, courts "consider only
27   the facts alleged in the complaint and in any documents appended
28   thereto."  Opp'n at 5; see also Airpin v. Santa Clara Valley

Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss"). Applying this rule, the Court may not consider Plaintiff's Exhibit A – which is not appended to the complaint but rather to the opposition brief - in its analysis.

Accordingly, the Court finds Plaintiff has not pled compliance with PAGA's notice requirements and dismisses Plaintiff's PAGA claim.

### 2. Remaining Claims

Plaintiff also asserts claims for unlawful failure to pay wages, failure to provide meal and rest periods, failure to provide accurate itemized wage statements, failure to pay wages on termination, and unlawful business practices under the UCL. FAC. ¶¶ 35-82. Defendant contends all of these claims should be dismissed because the FAC is devoid of factual allegations and simply recites the elements of each claim. Mot. at 7-14; Reply at 3-4. The Court agrees and finds the FAC falls well short of what is required under Iqbal, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Landers v. Quality Communications, Inc., 771 F.3d 638, 644 (9th Cir. 2014).

Plaintiff contends, see Opp'n at 5-6, that the following allegations contain sufficient factual matter to support his remaining claims:

- That he "worked more than forty hours per week between November 1, 2020 and March 30, 2021 without being properly compensated," FAC ¶ 37;
- That he "suffered one or more meal and/or rest break violations between November 1, 2020 and March 30,

6

1      2021," id. ¶ 57;
2    • That the "average length of [his] workweek was, at
3      minimum, forty hours," id. ¶ 38;
4    • That his "average workday consisted of, at minimum,
5      eight hours," id. ¶ 58, with an "average rate of pay
6      of $19.00," id. ¶ 39;
7    • That he and other class members were denied the meal
8      and/or rest breaks due to "Defendant's policies of:
9      (1) not scheduling a meal or rest period as a part of
10     Representative Plaintiff's and putative litigants'
11     work shift, (2) not allowing employees to take meal
12     and rest periods until they were released by
13     supervisors, and (3) scheduling employees in a manner
14     that made it difficult to enjoy timely, full and
15     uninterrupted meal and/or rest periods because
16     required tasks could be completed if breaks were
17     taken," id. ¶ 59;
18   • That on many occasions he and other class members
19     remained "on call" and "were compelled to wait well
20     beyond the fifth hour to take their meal breaks," id.;
21   • That he was prevented from taking breaks as a result
22     of "Defendant's routine practice of failing to provide
23     adequate staffing such that Plaintiff was not relieved
24     from duty to take breaks," id. ¶ 62,
25   • That Defendant prohibited overtime such that he had to
26     "forgo breaks to fulfill employment obligations and
27     responsibilities within the allotted time," id. ¶ 63;
28   • That he and others were further precluded from taking

7

their breaks because "Defendant maintained a policy that permitted only one rest period during an eight-hour shift, which instructed employees that they were not permitted a second rest period," id. ¶ 60;

- That Defendant "affirmatively informed employees that they were not entitled to breaks required under the California Labor Code," id. ¶ 61.

These allegations lack factual specificity. See, e.g., Krauss, 2020 WL 1874072, at *2-4 (E.D. Cal. 2020) (dismissing meal and rest break claims along with overtime and minimum wage claims because plaintiff failed to allege "key facts and specific details necessary" to support the claims); Chavez v. RSCR, No. 2:18-cv-03137-JAM-AC, 2019 WL 1367812, at *2-4 (same). For instance, Plaintiff does not identify any specific workweek in which he worked in excess of forty hours and was not paid for excess hours or not paid minimum wages. Nor does he identify a particular instance in which he did not receive a compliant meal or rest period. Likewise, Plaintiff has not identified any instance in which he did not receive an itemized wage statement. Finally, the FAC does not contain any facts as to Defendant's failure to pay wages upon termination. Without these specific factual allegations to support his claims, Plaintiff fails to state plausible claims for unlawful failure to pay wages, failure to provide meal and rest periods, failure to provide accurate itemized wage statements, failure to pay wages on termination, and unlawful business practices under the UCL. See Iqbal, 556 U.S. at 678.

///

Case 2:21-cv-00564-JAM-DB   Document 20   Filed 07/28/21   Page 9 of 11

In short, the lack of specificity precludes the Court from making any plausible inferences about Defendant's conduct and fails to give Defendant the fair notice necessary to defend itself effectively. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Additionally, these allegations fall short of what is required under Landers. See 771 F.3d 638. In Landers, the Ninth Circuit addressed the specificity required for pleading wage and hour claims following Twombly and Iqbal and held that "conclusory allegations that merely recite the statutory language" are inadequate. 771 F.3d at 644. The Ninth Circuit instructed that "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." Id. at 646. This Court has twice applied Landers to find that the "failure to plead at least one occasion on which [plaintiffs were] impeded from taking a meal or rest break" warrants dismissal. See Krauss, 2020 WL 1874072, at *3; Chavez, 2019 WL 1367812, at *2. Here, Plaintiff has not specifically pled or identified any such occasions.

Lastly, Plaintiff's UCL claim is predicated on his preceding claims for violations of the California Labor Code. Because Plaintiff has failed to sufficiently plead these underlying claims, his derivative UCL claim necessarily fails and is dismissed. See Porch v. Masterfoods, USA, Inc., 685 F.Supp.2d 1058, 1075-76 (explaining that claim of unfair business practices under California law is predicated on at least one legal violation).

9

### 3. Class Allegations

Defendant's final argument is that the complaint fails to establish entitlement to class relief. Mot. at 13-14. First, Defendant points out that Plaintiff alleges two inconsistent class definitions. Id. at 13 (citing to FAC ¶¶ 20, 24). Further, Plaintiff identifies no commonality between her and the putative class. Id. at 14. Plaintiff did not respond to these arguments. See Opp'n. Therefore, Plaintiff's class claims are dismissed.

### C. Leave to Amend

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted).

Plaintiff's request for leave to amend is granted. Opp'n at 7. Any amended complaint, however, must contain facts that sufficiently support plausible causes of action.

### D. Sanctions

A violation of the Court's standing order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court. Order re Filing Requirements at 1, ECF No. 2-2. Moreover, the Court does not consider arguments made past the page limit. Id.

Defendant's reply brief exceeds the Court's page limit by 2

pages. See Reply. Defendant's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $100.00 no later than seven days from the date of this Order.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss. If Plaintiff elects to amend his complaint, he shall file a Second Amended Complaint within twenty days (20) of this order. Defendant's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: July 27, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE