1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONSHEA JONES,                          No.  2:21-cv-0564 TLN DB

12              Plaintiff,

13         v.                                 ORDER

14    TIREHUB, LLC,

15              Defendant.

16

17        On April 14, 2022, plaintiff filed a motion to compel and noticed the motion for hearing

18   before the undersigned on May 13, 2022, pursuant to Local Rule 302(c)(1).  (ECF No. 30.)  On

19   April 29, 2022, the parties filed a Joint Statement re Discovery Disagreement pursuant to Local

20   Rule 251.  (ECF No. 32.)  Review of the Joint Statement finds that plaintiff's briefing is woefully

21   inadequate and entirely insufficient to resolve the parties' dispute.

22        In this regard, Local Rule 251(c)(3), requires that:

23           Each specific interrogatory, deposition question or other item
             objected to, or concerning which a protective order is sought, and the
24           objection thereto, shall be reproduced in full.   The respective
             arguments and supporting authorities of the parties shall be set forth
25           immediately following each such objection. When an objection is
             raised to a number of items or a general protective order is sought
26           that is related to a number of specific items, the arguments and
             briefing need not be repeated.
27

28   ////

                                            1

1    Admittedly, the undersigned routinely elects not to enforce this provision when the

2   parties' briefing nonetheless sufficiently and clearly articulates the discovery items at issue as

3   well as the parties' respective arguments.  Indeed, it is often preferable that the parties not

4   reproduce in full each discovery item at issue.  Here, however, "PLAINTIFF'S POSITION,"

5   which contains plaintiff's substantive argument, consists of less than three pages with just three

6   general assertions: (1) defendant bears the burden of proving the validity of their objections; (2)

7   defendant must produce the identities and contact information for the putative litigants; and (3)

8   sanctions are warranted.  (JS (ECF No. 32) at 3-5.)  These three pages are supposed to support

9   compelling production of two interrogatories and eight requests for production in this state wide

10   class action seeking unpaid wages.

11    In contrast, defendant's well-reasoned and thorough argument consists of roughly ten

12   pages.[1]  Those pages address specific discovery items at issue, provide ample citations to

13   authority in support of defendant's position, and asserts specific actions defendant proposed in an

14   attempt to resolve this dispute.  While the undersigned values brevity in these matters plaintiff's

15   portion of the Joint Statement is far too vague and conclusory, and fails to address many of

16   defendant's arguments with any particularity.

17    One such argument is defendant's assertion that plaintiff "failed to meet and confer

18   regarding several responses prior" to filing this motion.  (Id. at 9.)  Plaintiff failed to specifically

19   address this argument, instead stating simply that the parties "held their Rule 26(f) conference on

20   May 11, 2021," and then—almost a year later—on April 27, 2022, "again met and conferred

21   telephonically regarding outstanding discovery," which "was productive[.]"  (Id. at 3.)  The

22   undersigned's Standard Information re discovery disputes set forth on the court's web page

23   explains that parties must meet and confer prior to filing a discovery motion and "must again

24   confer in person or via telephone or video conferencing" prior to the filing of the joint statement.

25   See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

26   judge-deborah-barnes-db.

27

28   _____
[1] The undersigned has reached no conclusion with respect to the merits of defendant's argument.

Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's April 14, 2022 motion to compel (ECF No. 30) is denied without prejudice to renewal; and

    2.  The May 13, 2022 hearing is vacated.

DATED: May 10, 2022                /s/ DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/jones0564.mtc.den.brief.ord

3