Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Cody Alexander Bolce, Esq. (S.B. #322725)
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:   (510) 891-9800
Facsimile:(510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: cab@colevannote.com
Web:  www.colevannote.com

Attorneys for Representative Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA JONES individually, and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>TIREHUB LLC , and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No. 2:21-CV-00564-JAM-DB<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: March 14, 2023**<br>**Time: 1:30 p.m.**<br>**Ctrm: 6**<br>**Judge: Honorable John A. Mendez** |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**, **NOTICE IS HEREBY GIVEN** that, at 1:30 p.m. on March 14, 2023, or as soon thereafter as the matter may be heard in United States District Court of the Eastern District of California of the above-entitled Court, located at 501 I Street,

Sacramento, CA 95814, Courtroom 6, 14th Floor, Representative Plaintiff Donshea Jones on behalf of the Plaintiff Class, will and hereby does apply to this Court for an order: (1) granting preliminary approval of the parties' class action settlement agreement, (2) granting conditional certification of the settlement class, (3) appointing class counsel, (4) appointing the class representative, (5) appointing a settlement claims administrator, (6) approving the class notice, and (7) setting a hearing date for final settlement approval.

This motion is based upon the accompanying memorandum of points and authorities, the declaration of Laura Van Note, Esq. and exhibits thereto, and such other oral argument and documentary evidence as may be presented to the Court at the hearing of this motion.

Dated: February 2, 2023              **COLE & VAN NOTE**

By:  */s/ Laura Van Note*
Laura Van Note, Esq
Attorneys for Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1

## **TABLE OF CONTENTS**

2   **I.    INTRODUCTION**.................................................................................... 1

3   **II.   LITIGATION HISTORY** ...................................................................... 1

4   **III.  THE SETTLEMENT** ............................................................................. 3

5        **A.    THE CLASS** ................................................................................ 3

6        **B.    SETTLEMENT TERMS** ............................................................. 3

7        **C.    THE RELEASE** ........................................................................... 9

8        **D.    CLASS NOTICE** ....................................................................... 10

9            **1.  Notice to Class Members** ................................................ 10
             **2.  Exclusions and Objections** .............................................. 11

10  **IV.   JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS** ......... 12

11       **A.    THE SETTLEMENT FALLS WITHIN THE RANGE OF
12             REASONABLENESS** ................................................................ 12

13       **B.    VALUATION OF PRIMARY CLAIMS ALLEGED** .................. 14

14           **1.  Missed Meal and Rest Breaks** ........................................ 14
             **2.  Waiting Time Penalties** ................................................... 16
15           **3.  Wage Statement Violations** ............................................ 17
             **4.  PAGA Penalties** .............................................................. 18
16           **5.  Summary** ......................................................................... 19

17       **C.    THE RISK, EXPENSE AND LIKELY DURATION OF FURTHER
               LITIGATION SUPPORTS SETTLEMENT** ................................ 21

18
19  **V.    THE SETTLEMENT MEETS THE STANDARD FOR PROVISIONAL
           CLASS CERTIFICATION** ................................................................... 22

20       **A.    THE CLASS IS SUFFICIENTLY NUMEROUS** ........................ 24

21       **B.    THE CLASS HAS A WELL-DEFINED COMMUNITY OF
               INTEREST IN QUESTIONS OF LAW AND FACT** ..................... 24
22
           **1.  The Class Satisfies the Commonality Element** ................ 25
23           **2.  Plaintiff Satisfies the Typicality Element** ...................... 26
             **3.  Plaintiff and His Counsel Satisfy the Adequacy Requirement** .... 27
24
    **VI.   THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE**
25   ........................................................................................................... 29

26  **VII.  A FINAL APPROVAL HEARING SHOULD BE SET** ........................ 30

27  **VIII. CONCLUSION** ................................................................................... 30

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## **TABLE OF AUTHORITIES**

### **Cases**

*Acosta v. Trans Union, LLC,*
    243 F.R.D. 377, 386 (C.D. Cal. 2007)...................................................... 12

*Amaral v. Cintas Corp. No. 2,*
    163 Cal.App.4th 1157 (2008) ................................................................. 16

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591, 117 S.Ct. 2231 (1997) ..................................................... 23

*Augustus v. ABM Security Services, Inc.,*
    2 Cal.5th 257 (2016) ............................................................................. 5

*Barbosa v. Cargill Meat Solutions Corp.,*
    2013 U.S. Dist. LEXIS 93194 (E.D. Cal. July 1, 2013) ............................. 6

*Benton v. Telecom Network Specialists, Inc.,*
    220 Cal.App.4th 701 (2013) ................................................................... 27

*Bluford v. Safeway Stores, Inc.,*
    216 Cal.App.4th 864 (2013) ................................................................... 27

*Blum v. Stenson,*
    465 U.S. 886 (1984) ............................................................................. 7

*Boeing Co. v. Van Gemert,*
    444 U.S. 472, 100 S Ct. 745 (1980) ....................................................... 7,8

*Bradley v. Networkers International, LLC,*
    211 Cal.App.4th 1129 (2012) ................................................................ 27

*Brinker Restaurant Corp. v. Superior Court,*
    53 Cal.4th 1004 (2012)........................................................................ 25,27

*Cellphone Termination Fee Cases,*
    186 Cal.App.4th 1380 (2010) ................................................................ 5

*Chau v. Starbucks Corp.,*
    174 Cal.App.4th 688 (2009).................................................................. 22

*Churchill Vill., L.L.C. v. GE,*
    361 F.3d 566 (9th Cir. 2004) ................................................................. 29

*Consumer Cause, Inc. v. Mrs. Gooch's Natural Food Markets, Inc.,*
    127 Cal.App.4th 387 (2005) .................................................................. 8

*Cook v. Niedert,*
    142 F.3d 1004 (7th Cir. 1998) ............................................................... 5

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

*County of Suffolk v. Long Island Lighting Co.,*
    710 F. Supp. 1422 (E.D.N.Y. 1989) ........................................ 23

*Day v. NLO,*
    851 F. Supp. 869 (S.D. Ohio 1994) ......................................... 21

*Dennis v. Kellogg Co.,*
    697 F.3d 858 (9th Cir. 2012) ................................................. 3

*Dunk v. Ford Motor,*
    48 Cal.App.4th 1794 (1996) ................................................... 9

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) ........................................................... 8,22

*Estrada v. FedEx Ground Package System, Inc.,*
    154 Cal.App.4th 1 (2007) ..................................................... 21

*Faulkinbury v. Boyd & Associates, Inc.,*
    216 Cal.App.4th 220 (2013) .................................................. 21

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*
    30 Cal.4th 1037 (2003) ....................................................... 9,17

*Finder v. Leprino Foods Co.,*
    No. 1:13-CV-2059 AWI-BAM,
    2015 U.S. Dist. LEXIS 30652 (E.D. Cal. 2015) ...................... 14

*Fleming v. Covidien Inc.,*
    2011 WL 7563047 (C.D. Cal. Aug. 12, 2011) ......................... 15

*Franklin v. Kaypro Corp.,*
    884 F.2d 1222 (9th Cir. 1989) ............................................... 17

*Gay v. Waiters' & Dairy Lunchmen's Union,*
    489 F.Supp. 282 (N.D. Cal. 1980), aff'd 694 F.2d 531 (9th Cir. 1982) ... 18

*Glass v. UBS Financial Services, Inc.,*
    Not Reported in F. Supp. 2d, 2007 WL 221862 (N.D. Cal. 2007) ............ 4

*Ghazaryan v. Diva Limousine, Ltd.,*
    169 Cal.App.4th 1524 (2008) ................................................. 21

*Green v. Obledo,*
    29 Cal.3d 126 (1981) .......................................................... 10

*Gutierrez v. Kovacevich "5" Farms,*
    2004 WL 3745224 (E.D. Cal. Dec. 2, 2004) ............................ 20

*Haitz v. Meyer, et al.,*
    No. 572968-3 (Alameda Super. Ct., August 20, 1990) ............... 4

*Haley v. Medtronic, Inc.,*
    169 F.R.D. 643 (C.D. Cal. 1996) ........................................... 19

*Hanlon v. Chrysler Corp.,*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

150 F.3d 1011 (9th Cir. 1998) ....................................................5,10,19-22

*Ibrahimi v. Walgreen,*
Case No. MSC16-02120 (Contra Costa Super. Ct. 2019) .......................... 4

*In re Autozone, Inc. Wage and Hour Litig.,*
Case No. 3:10-md-021590CRB, 2016 WL 4208200 (N.D. Cal. 2016) .... 13

*In re California Indirect Purchases,*
1998 WL 1031494, 11 (Alameda Super. Ct. 1998) ................................... 4

*In re Cipro Cases I and II,*
121 Cal.App.4th 402 (2004) ....................................................................... 17

*In re Consumer Privacy Cases,*
175 Cal.App.4th 545 (2009) ......................................................................... 5

*In re GNC Shareholder Litig.: All Actions,*
668 F.Supp. 450 (W.D. Pa. 1987) ................................................................ 7

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454 (9th Cir. 2000) ..................................................................... 22

*In Re Pac. Enter. Sec. Litig.,*
47 F.3d 373 (9th Cir. 1995) ......................................................................... 4

*In re United Energy Corp. Sec. Litig.,*
Not Rpt'd in F.Supp., 1989 WL 73211 (C.D. Cal. 1989) ......................... 7

*In re Warner Comm. Sec. Litig.,*
618 F.Supp. 735 (S.D.N.Y.1985) ................................................................ 7

*In re Wells Fargo Loan Processor Overtime Pay Litig.,*
2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ............................................ 23

*Jones v. Bath & Body Works, Inc.,*
No. 2:13-cv-05206-FMO-AJW (C.D. Cal. July 11, 2016) ......................... 4

*Kirby v. Imoos Fire Protection, Inc.,*
53 Cal. 4th 1244 (2012) ............................................................................. 13

*Kullar v. Foot Locker Retail, Inc.,*
168 Cal.App.4th 116 (2008) ................................................................. 10,17

*Lealao v. Beneficial California,*
82 Cal.App.4th 19 (2000) ............................................................................. 5

*Ling v. P.F. Chang's China Bistro, Inc.,*
245 Cal.App.4th 1242 (2016) .................................................................... 13

*Linney v. Cellular Alaska P'ship,*
151 F.3d 1234 (9th Cir. 1998) ..................................................................... 2

*Magadia v. Wal-Mart Associates, Inc.,*
384 F.Supp. 1058 (N.D. Cal. 2019) ......................................................... 15

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-6-
PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

*Makabi v. Gedalia,*
    No. BC468146, (L.A. Super. Ct. May 8, 2013) ........................................ 15

*Maldonado v. Epsiolon Plastics, Inc.,*
    22 Cal.App.5th 1308 (2018) ........................................................................ 14

*Mambuki, et al. v. Securitas Security Services USA, Inc.,*
    Case No. 1-05-CV-047499, J.C.C.P. No. 4460
    (Santa Clara Super. Ct. 2009) ...................................................................... 4

*Menchyk v. Beverages & More, Inc.,*
    Case No. RG 05196918 (Alameda Super. Ct. 2006) ................................. 5

*Michaels Stores Song-Beverly Cases,*
    JCCP No. 4684 (S.D. Super. Ct., August 6, 2014) ................................... 5

*Morris v. Lifescan, Inc.,*
    54 Fed.Appx. 663 (9th Cir. 2003) .............................................................. 5

*Mullane v. Central Hanover Bank & Trust Co.,*
    339 U.S. 306 (1950) ...................................................................................... 8

*Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles,*
    186 Cal.App.4th 399 (2010) ......................................................................... 4

*Naranjo v. Spectrum Security Services, Inc.,*
    (No. S258966) 40 Cal.App.5th 444 (2020 Cal.App. LEXIS 167)) (*review granted*) ........................................................................................................ 13

*Nordstrom, Inc. Song-Beverly Act Cases,*
    JCCP No 4651 (L.A. Super. Ct., July 26, 2012) ...................................... 5

*O'Hara, et al. v. Factory 2-U Stores, Inc.,*
    Case No. 834123-5 (Alameda Super. Ct. 2002) ....................................... 5

*Powers v. Eichen,*
    229 F.3d 1249 (9th Cir. 2000) .................................................................... 5

*Prince v. CLS Transportation, Inc.,*
    118 Cal.App.4th 1320 (2004) ...................................................................... 21

*Quintana v. Claire's Boutiques, Inc.,*
    No. 5:13-cv-00368-PSG (N.D. Cal. Dec. 1, 2015) ................................... 5

*Rainbow Bus. Solutions v. Merch. Servs,*
    2013 U.S. Dist. LEXIS 179288 (N.D. Cal. 2013) .................................... 20

*Rodriguez v. West Publ'g Corp.,*
    563 F.3d 9483 (9th Cir. 2009) .................................................................... 23

*Rutter & Wilbanks Corp. v. Shell Oil Co.,*
    314 F.3d 1180, 1187 (10th Cir. 2002) ........................................................ 9

*Savaglio v. Wal-Mart Stores, Inc.,*
    Case No. C-835687 (Alameda Super. Ct.) ................................................ 18

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

*Sav-On Drug Stores, Inc. v. Superior Court,*
    34 Cal.4th 319 (2004) ........................................................... 19,21

*Serrano v. Bay Bread LLC,*
    2016 Cal. Super. LEXIS 8043 (June 29, 2016) ......................... 12

*Serrano v. Priest,*
    20 Cal.3d 25 (1977) ............................................................... 5

*Singer v. Becton Dickinson and Co.,*
    Case No. 08-CV-821-IEG (BLM)
    2010 U.S. Dist. LEXIS 53416 (S.D. Cal. 2010) ........................ 5

*Slaven v. BP Am., Inc.,*
    190 F.R.D. 649 (C.D. Cal. 2000) ........................................... 19

*Sprague v. Ticonic Nat'l Bank,*
    307 U.S. 161, 59 S.Ct. 777 (1939) .......................................... 5

*Staten v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ................................................. 5,10

*Steiner v. Whittacker Corp.,*
    CA 000817 (L.A. Super. Ct., March 13, 1989) ........................... 5

*Smith v. Krispy Kreme Doughnut Corp.,*
    Not Rpt'd in F.Supp.2d, 2007 WL 119157 (M.D.N.C. Jan. 10, 2007) ....... 7

*Thurman v. Bayshore Transit Mgmt.,*
    203 Cal.App.4th 1112 (2012) ................................................. 15

*Tierno v. Rite Aid Corp.,*
    2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) .................. 20

*Van Vranken v. Atlantic Richfield Co.,*
    901 F.Supp. 294 (N.D. Cal. 1995) ........................................... 4

*Vasquez v. Coast Valley Roofing, Inc.,*
    266 F.R.D. 482 (E.D. Cal. 2010) ............................................ 5

*Vasquez v. Superior Court,*
    4 Cal.3d 800 (1971) .............................................................. 10

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
    396 F.3d 96 (2d Cir. 2005) ..................................................... 10

*Wershba v. Apple Computer, Inc.,*
    91 Cal.App.4th 224 (2001) .................................................. 9,18

*Willner v. Manpower Inc.,*
    35 F.Supp.3d 1116 (N.D. Cal. 2014) ........................................ 13

*White v. Starbucks Corp.,*
    497 F.Supp.2d 1080 (N.D. Cal. 2007) ...................................... 11

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

*Young v. Katz,*
    447 F.2d 4313 (5th Cir. 1971) ................................................................. 17

**Statutes**

Bus. & Prof. Code § 17200 (Unfair Competition Law) ................................. 1,20

Cal. Civ. Code § 1542 ....................................................................................... 8

Cal. Civ. Code § 1781 ....................................................................................... 9

Cal. Civ. Proc. Code § 382 ............................................................................. 18

Cal. Civ. Proc. Code § 384 ............................................................................... 3

Cal. Civ. Proc. Code § 904.1 ......................................................................... 17

Cal. Labor Code §§ 201-203 .......................................................................... 13

Cal. Labor Code § 203 ........................................................................... 7,13,14,20

Cal. Labor Code § 226 ........................................................................... 7,13-16,20

Cal. Labor Code § 226.7 ....................................................................... 1,12,14,20

Cal. Labor Code § 512 ................................................................................ 1,12,20

Cal. Labor Code § 2699 ........................................................................... passim

**Rules**

California Rules of Court Rule 3.766 .................................................................. 8

California Rules of Court Rule 3.769(a) .......................................................... 9,10

Fed. R. Civ. P. 23 ......................................................................................... 9,19

**Treatises**

Manual for Complex Litigation (4th ed. 2004) .............................................. 9,10,23

Newberg & Conte, Newberg on Class Actions (5th ed. 2017) .................... 5-7,10

Report of the Third Circuit Task Force, 108 F.R.D. 237 (1985) (Final Report 2002)
    .................................................................................................................. 5

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This motion seeks preliminary court approval of a $550,000 settlement fund obtained by Plaintiff Donshea Jones (hereinafter "Representative Plaintiff") against TireHub LLC ("TireHub" or "Defendant"). Given the relatively low wage rate of putative Class Members and challenges to class certification and liability, the settlement achieved here represents an impressive result which now merits preliminary court approval.[1]

### II.    LITIGATION HISTORY

On February 10, 2021, Representative Plaintiff Donshea Jones filed a class action Complaint in Solano County Superior Court. In the action, Plaintiff Jones sought individual and class-wide damages and penalties for (1) unlawful failure to pay wages, (2) failure to provide meal and rest periods, (3) failure to provide accurate itemized wage statements, (4) failure to pay wages upon termination, and (5) violation of the Unfair Competition Law (Bus. & Prof. Code § 17200). The action was then removed to the Eastern District of California. The removed action included a sixth (6th) cause of action under the Private Attorneys General Act Claim

---

[1] A copy of the fully executed Settlement Agreement and Release of Claims ("Agreement") is attached to the accompanying Declaration of Laura Van Note. ("Van Note Decl.") as Exhibit "A." Unless otherwise noted, all exhibits cited herein are attached to the Van Note Decl.

(California Labor Code §§ 2699 et. seq) Plaintiff Jones worked for defendant TireHub as a driver/material handler at Defendant's facility in Hayward, CA. As discovered during litigation, the actual class totaled roughly 458 workers.

On her own behalf and on behalf of all TireHub non-exempt employees, Plaintiff Jones alleged that the defendant's policies and overloaded delivery schedules prevented her from, *inter alia*, receiving and enjoying the mandatory rest periods and off duty meal breaks that she was entitled to by law. Indeed, the core of her complaint was that these conditions ran afoul of the relevant California Wage Order provisions and Labor Code §§ 226.7 and 512.

Even prior to filing the action, Plaintiff's attorneys at Cole & Van Note ("CVN") were armed with a detailed factual understanding of this defendant's operations, Plaintiff's job duties and, by extension, the job duties of putative Class Members. Notably, much of the sort of information needed for that due diligence investigation was available through a variety of sources. Coupled with that, CVN has prosecuted hundreds of wage and hour class actions. Falling back on this experience, CVN concluded that Mrs. Jones' allegations against TireHub were likely shared by remaining members of the putative class.

After filing the action, the parties engaged in traditional and informal discovery efforts. To be sure the information available to CVN prior to the ultimate

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1
2
3    mediation was sufficiently comprehensive to place the parties' attorneys, each of
whom are experienced class action litigators, in a position to explore settlement.

4
5    On August 9, 2022, the parties mediated the matter before experienced
6    neutral, Philip K. Cha, a mediator with substantial knowledge of California wage
7    and hour law and class-action procedure. The parties failed to reach an agreement
8    and continued litigating through numerous discovery disputes. Then, the parties
9
10   decided to re-engage Mr. Cha. Ultimately, after another round of mediation with the
11   help of Mr. Cha, the parties were able to reach the instant agreement.

12   **III.    THE SETTLEMENT**
13
14   **A. THE CLASS**
15
16   The proposed settlement encompasses a class defined as all persons employed
17   by Defendants as non-exempt employees on or after February 10, 2017 to the date
18   the Court enters preliminary approval of the Settlement, excluding any such
19
20   individuals who opt out of this Settlement.

21   **B. SETTLEMENT TERMS**
22
23   Under the proposed settlement, the claims of all Class Members shall be
24   settled for $550,000, which is inclusive of all individual settlement awards to Class
25   Members who do not timely opt out ("Settlement Class Members"), the class
26
27   representative service award, the PAGA allocation, and CVN's fees and costs.
28   Agreement ¶ 34. The settlement amount shall be allocated as follows:

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

<u>Individual Settlement Awards</u>. Each Settlement Class Member shall be entitled to his or her pro rata share of the Net Settlement Fund calculated based upon the number of Compensable Workweeks worked thereby during the Settlement Period, divided by the total number of Compensable Workweeks worked by all Settlement Class Members during said period. If a Settlement Class Member fails to cash his or her check by the Void Date, 180 days from issuance, then the settlement check funds will be distributed to the California State Bar Justice Gap Fund.

<u>PAGA Employee Awards.</u> Each PAGA employee shall receive a pro rata portion of 25% of the PAGA Payment, calculated based upon the number of Compensable Pay Periods worked thereby during the PAGA Period, divided by the total number of Compensable Pay Periods worked by all PAGA Employees during the PAGA Period.

<u>Class Representative's Service Award</u>. Subject to Court approval, Plaintiff Donshea Jones shall be paid a service award not to exceed $5,000 for her time, risk and effort in bringing the lawsuit, representing the class, and releasing his claims. Agreement ¶ 38. This individual initiated the action and devoted considerable time thereto. This included frequent emails and telephone calls with counsel, production of documents, and communications surrounding settlement. Moreover, this individual risked retaliation and disruption of her daily work life because she

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

challenged the status quo of these alleged unlawful labor practices.[2] Finally, the proposed service award is reasonable given the minimal impact this amount will have on any Settlement Class Member's level of recovery.

Service awards to the lead Plaintiffs in class action litigation are commonplace and are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Cellphone Termination Fee Cases*, 186 Cal.App.4th 1380, 1394 (2010) Service awards "are intended to advance public policy by encouraging individuals to come forward and perform their civic duty in protecting the rights of the class and to compensate class representatives for their time, effort and inconvenience …Federal authority is in accord." *In re California Indirect Purchases*, 1998 WL 1031494, 11 (Alameda Super. Ct. 1998) (internal citations omitted). Without Representative Plaintiff's courage, the action would never have commenced and/or on such favorable terms. This initiative deserves to be rewarded. *See Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998*); Augustus v. ABM Security Services, Inc*., 2 Cal.5th 257 (2016)

---

[2]  A declaration illustrating Plaintiff's entitlement to a service award will be submitted at the time of final approval.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

<u>Class Counsel's Fees</u>. The settlement provides for an attorneys' fee award of 33.5% of the settlement amount, a typical percentage in the resolution of common fund cases. *See, e.g. Barbosa v. Cargill Meat Solutions Corp.,* 2013 U.S. Dist. LEXIS 93194 (E.D. Cal. 2013); *In Re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995); *Jones v. Bath & Body Works, Inc.*, No. 2:13-cv-05206-FMO-AJW (C.D. Cal. 2016); *Morris v. Lifescan, Inc*. 54 Fed.Appx. 663 (9th Cir. 2003); *Quintana v. Claire's Boutiques, Inc.*, No. 5:13-cv-00368-PSG (N.D. Cal. 2015), Dkt. No. 88 CVN undertook this challenging litigation on a contingency basis and has devoted numerous hours to this cause. CVN faced significant risk in the prosecution of this matter and, more importantly, made an extraordinary fund available given the challenges faced here and the modest claim values—to a large number of otherwise underrepresented, low paid workers.

The "common fund" method, or "percentage-of-the-benefit" analysis, calculates attorneys' fees based on a percentage of the common benefit to the class. *In re Consumer Privacy Cases,* 175 Cal.App.4th 545 (2009); *Serrano v. Priest*, 20 Cal.3d 25 (1977). In cases where a common fund has been created—i.e., where each class member will "receive a mathematically ascertainable payment"—California state courts, the Ninth Circuit and the United States Supreme Court agree that

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

awarding attorneys' fees as a percentage of the common fund is the proper method.[3]

*Vasquez*, 266 F.R.D. 482 at *491 (E.D. Cal. 2010). *See,* fn. 10; *Lealao v. Beneficial California*, 82 Cal.App.4th 19 (2000); *Serrano v. Priest*, 20 Cal.3d 25 (1977) *Staten v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S Ct. 745 (1980)

As expressed by the Third Circuit's Task Force on the Selection of Class Counsel, in Conte and Newberg's treatise on class actions and, *inter alia*, in *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the rationale for this is commonsensical: in common fund cases, fees are not assessed against the unsuccessful litigant (a.k.a. "fee shifting"), but rather, are taken from the fund or damage recovery (a.k.a. "fee spreading"). In contrast to the calculation of a statutory fee, payable by the defendant depending on the extent of success achieved, a common fund is itself the measure of success and represents the benchmark from which a fee will be awarded. *Newberg on Class Actions* (5th ed. 2017), § 15.53 at 183; *Third Circuit Task Force on the Selection of Class Counsel,* 108 F.R.D. 237, 255 (hardcopy not exhibited here due to length of document) Consequently, the analysis in a common fund case focuses not on the Plaintiffs' position as "prevailing parties," but on a showing that the fund conferring a benefit on the class which resulted from their efforts. *Id.,* § 2.06 at 40.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

*See also Consumer Cause, Inc. v. Mrs. Gooch's Natural Food Markets, Inc.*, 127 Cal.App.4th 387, 397 (2005) (internal citation omitted); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)

Here, CVN harnessed evidence from all available resources, conducted formal and informal significant discovery and, thereupon, used its skills and experience to negotiate an outstanding result for numerous Class Members. A common fund doctrine award of fees for that work, thus, is appropriate.

PAGA Allocation. The settlement also provides for a payment of $40,000 for a release of PAGA claims, 75% of which will be remitted to the LWDA and 25% of which will remain in the Net Settlement Fund. Cal. Labor Code § 2699(i). The $40,000 allocation for PAGA penalties is reasonable under the circumstances and consistent with PAGA allocations in similar actions.

Litigation Expenses. Over the course of this litigation, CVN incurred ordinary litigation costs and CVN anticipates incurring additional expenses in overseeing the settlement process, making future appearances, ensuring claims administration compliance with this Court's orders, responding to Settlement Class Members, CPAs, etc. Although CVN will submit a detailed cost report with its motion for final approval of the settlement, the Agreement caps such costs at $10,000. Since the level of such costs are reasonable and served to benefit the class, the Court should approve

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

this capped amount in the Notice. *See In re United Energy Corp. Sec. Litig.*, *Not Rpt'd in* F.Supp., 1989 WL 73211, * 6 (C.D. Cal. 1989

Settlement Administration Costs. The settlement administration costs of CPT Group are capped at $9,370.00—a very reasonable amount given the size of the class and the work required to send the Notice, process settlement checks, establish a website, and communicate with Class Members and counsel.

Employer's Share of Payroll Taxes. Defendant's share of payroll taxes, including, but not limited to FICA and FUTA, shall be paid separately from the Gross Settlement Fund. Agreement ¶ 34. While many similar settlements allow the employer taxes to be paid from the Gross Settlement Fund, CVN specifically negotiated against that option.

Tax Treatment of Individual Settlement Shares. Settlement Class Members' settlement shares will be allocated as 20% wages and 80% interest and statutory penalties for tax purposes. Exhibit "A," Agreement ¶ 43 This allocation is reasonable given that the majority of the class claims are, arguably, for penalties (See, e.g., Labor Code §§ 203 and 226), not underlying wages. Obviously, this particular tax treatment provides additional monies to these already low-paid workers.

### C. THE RELEASE

Upon the Effective Date, Settlement Class Members shall release and discharge Defendant from "any and all debts, liabilities, costs, demands, obligations,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

claims, causes of action, or complaints arising during the Settlement Period that were pled, or which could have been pled based on the same or similar facts as pled in the Plaintiffs' operative Complaint, all preceding Complaints, and the PAGA Notice." For unnamed Class Members, a Civil Code § 1542 release applies, but <u>only</u> to those claims. Exhibit "A," Agreement ¶ 72.

### D. CLASS NOTICE

Notice is necessary in order to inform Class Members of the settlement and their options with regard thereto. Within ten business days of the granting of preliminary approval, Defendant will provide the claims administrator with Class Members' names, Social Security numbers, dates of employment, email addresses, and last known addresses, which the claims administrator will verify and update using the National Change of Address ("NCOA") Database. The claims administrator will disseminate the Notice by first class mail and will establish a website. Exhibit "A," Agreement ¶ 55 Settlement Class Members will not be required to file a claim form to receive their portion of the settlement.

### 1. Notice to Class Members

The proposed Notice meets the requirements of CRC Rule 3.766(b). Exhibit "A," Agreement ¶ 55 The Notice costs will be included in the settlement administration expenses to be paid from the Gross Settlement Fund. Exhibit "A," Agreement ¶11. A notice sent by mail to Class Members' last known addresses,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

accompanied by reasonable attempts to locate Class Members where those notices are returned as undeliverable, is sufficient to ensure due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974). Finally, the contents of the Notice soundly comply with CRC Rule 3.766(d) insofar as it provides information on the meaning and nature of the settlement, its key provisions, how payments will be calculated, the amounts of CVN's attorneys' fees and costs, the service award, the date, time, and place of the final fairness hearing, and the procedures and deadlines for requesting exclusion from and/or objecting to the settlement.

## 2. Exclusions and Objections

Class Members will have 30 calendar days (or 10 calendar days after the date the Notices are re-mailed after having been returned as undeliverable) to opt out or object. Class Members who wish to exclude themselves or "*opt out*" of the settlement must submit a signed, written request therefor to the claims administrator by the response deadline. Exhibit "A," Agreement ¶¶57-59. A class member wishing to *object* must submit a written objection thereto describing why the objector believes the settlement is unfair and whether the objector intends to appear at the final approval hearing. Exhibit "A," Agreement ¶61. Class Members who submit a timely objection will have a right to appear at the final approval hearing to have their objections heard by the Court.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## IV.    JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS

A class action may not be dismissed, compromised, or settled without the approval of the Court. Cal. Civ. Code § 1781(f); California Rules of Court ("CRC") Rule 3.769(a); Fed. R. Civ. P. 23(e). The commonly accepted procedure calls for: (1) preliminary approval of the proposed settlement at an informal hearing, (2) notice to Class Members of the proposed settlement and of their rights with respect thereto, and (3) a formal hearing on the fairness of the proposed settlement, at which members of the class may be heard concerning their support for or objection to the settlement, also known as a final approval hearing or "final fairness" hearing. *Manual for Complex Litigation* § 21.63 at 447-50 (4th ed. 2004).

Approval of a proposed settlement is within the sound discretion of the Court. *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187 (10th Cir. 2002) At the preliminary approval stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Id. "The settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007).

### A. THE SETTLEMENT FALLS WITHIN THE RANGE OF REASONABLENESS

At the preliminary approval stage, a proposed settlement is *presumed* to be fair when (1) it is reached through arm's-length negotiations, (2) the putative class is represented by experienced counsel, and (3) the parties have conducted sufficient investigation or discovery. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). As previously discussed, this settlement is the result of an arm's-length transaction, reached through mediation before an experienced neutral. Moreover, CVN has vast experience in similar litigation--having litigated hundreds of wage and hour class actions. Finally, as detailed above, the presence of significant discovery produced by Defendant is more than "sufficient investigation" to warrant preliminary approval of this settlement.

Second, "to determine whether a settlement agreement is potentially fair, a court considers the following factors: the strength of the Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the Class Members to the proposed settlement." *Staten v. Boeing Co*., 327 F.3d 938, 959 (9th Cir. 2003).

The factors present in this case illustrate the reasonableness of the settlement here. CVN calculated Defendant's potential exposure if all of the class claims were

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

proven at trial but discounted the theoretical maximum recovery to account for inherent risks such as the denial of class certification and the possible success of Defendant's defenses at the liability phase.

## B. VALUATION OF PRIMARY CLAIMS ALLEGED

### 1. Missed Meal and Rest Breaks

The allegation that Defendant deprived Class Members of meal and rest periods was the driving force of this litigation. However, as the company's policies exhibited, TireHub had taken a variety of steps to adopt and enforce compliant meal and rest break policies by the time this case was filed. Indeed, CVN all but conceded this fact, and yet, maintained that the violations stemmed more from scheduling practices whereby many workers were required to finish numerous deliveries on their route.

Despite Representative Plaintiff's allegations, however, the arguable lack of a *per se* violative policy presented significant challenges to class certification, as did Defendant's argument that this class of workers served at various locations, under varying degrees and styles of management oversight. And, even if the Court certified the class, Defendant would undoubtedly argue it need only make breaks *available* and that it had no obligation to *ensure* that breaks were actually taken. *White v. Starbucks Corp.*, 497 F.Supp.2d 1080 (N.D. Cal. 2007).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Nevertheless, based on CVN's analysis of the available payroll records, it was determined that the number of pay period in which meal and rest periods could be missed was as high as 30,188. Using this information and data provided by Defendant, an average hourly wage of $18, and assuming a violation every worker worked a full time shift five days per week, every week, the liability exposure possible for this claim could exceed $5.5 million. This recovery number is, of course, based on a variety of assumptions, none of which Defendant has agreed to, on schedules for this largely part-time workforce that would be unrealistic (i.e., that every worker worked every day for eight full hours), and on the assumption that all elements of this claim could be proven (as well as its frequency) at trial.

Indeed, perhaps the most questionable assumption is that roughly 10-11 potential meal periods per pay cycle (i.e., a violation every single working day) were actually "missed," not to mention represent a "violation" of Labor Code §512. Given that Class Members would rarely have made independent records, it is likely that many of any breaks missed would be, in fact, punch-in/punch-out errors or class member neglect in punching in/out at all. Given that, it is very likely that many workers simply took their breaks without punching out properly or notifying management when they left for a break. Additionally, it is likely that many Class Members were afforded the chance for a break but simply elected not to take one for

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

a myriad of reasons. These challenges—and the paucity of records—reveals that a substantial discount off CVN's original damages estimate was appropriate.

### 2. Waiting Time Penalties

The strongest claims in this case were the meal and rest break claims, neither of which *conclusively* generates a "wage" to which a Labor Code § 203 claim could be tethered. The California Court of Appeal stated, *arguably in dicta*, that a meal break violation under Labor Code § 226.7 cannot support a "waiting time penalty" under Labor Code § 203. *Ling v. P.F. Chang's China Bistro, Inc*., 245 Cal.App.4th 1242, 1261 (2016); *Serrano v. Bay Bread LLC*, 2016 Cal. Super. LEXIS 8043 at *22 (June 29, 2016) (no published California case holds contrary to *Ling*); *Kirby v. Imoos Fire Protection, Inc.,* 53 Cal. 4th 1244 (2012) (failure to pay meal and rest period premiums cannot trigger waiting time penalties); *but see*, *In re Autozone, Inc. Wage and Hour Litig*., Case No. 3:10-md-021590CRB, 2016 WL 4208200 at **6-7 (N.D. Cal. Aug. 10, 2016) (meal period payments constitute "wages," thus, supporting Labor Code §§ 201-203 claims).

Finally, Defendant would contend that Representative Plaintiff could not show the requisite "willful[ness]" under § 203. *Willner v. Manpower Inc.*, 35 F.Supp.3d 1116, 1131 (N.D. Cal. 2014); *Amaral v. Cintas Corp. No. 2,* 163 Cal.App.4th 1157, 1203-04 (2008)

Based on a typical eight-hour workday, on records showing that 304 Class Members were "severed" employees, and that their average hourly wage was $18, Defendant's liability could reach as high as $1.33 million for waiting time penalties. Given the state of the law, and that an unrealistic full eight-hour workday was used to calculate this penalty for <u>all</u> severed workers, the value of this claim was discounted ***significantly***.

### 3. Wage Statement Violations

Although some federal court decisions have held break premiums under Labor Code § 226.7 can support a wage statement penalty under Labor Code § 226(e), there are no published California state court decisions issuing a similar holding. *Maldonado v. Epsilon Plastics, Inc.,* 22 Cal.App.5th 1308, 1337 (2018) (meal and rest claims cannot support a class-wide claim for inaccurate wage statements); *Finder v. Leprino Foods Co*., No. 1:13-CV-2059 AWI-BAM, 2015 U.S. Dist. LEXIS 30652, at *1 (E.D. Cal. March 12, 2015). In light of the California authority explaining that a violation of Labor Code § 226.7 cannot support a § 203 waiting time penalty, the same logic may apply to § 226 wage statement penalties, making those entirely unrecoverable in this litigation. Had this matter not settled, TireHub would have certainly argued this, as well as contended Representative Plaintiff cannot establish an "injury" resulting from TireHub's "knowing and intentional

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1

2  failure" to furnish wage statements (i.e., that included premium pay for missed

3  breaks). Cal. Lab. Code § 226(e)(1).

4      Under § 226, Class Members may recover $50.00 for the initial violation and

5  $100.00 for each subsequent violation. Based on data provided by Defendant and

6  
7  subsequent analysis thereof by CVN, Class Members stood to potentially recover

8  $1.77 million if they fully prevailed on these claims at trial. Given the numerous

9  
10  elements Representative Plaintiff would be required to demonstrate, and anticipating

11  TireHub's "penalties on penalties" argument, CVN's "reality check" and, thus,

12  significant discount to the potential value of this claim, was appropriate.

13

14      **4.  PAGA Penalties**

15      Representative Plaintiff also alleged that Defendant's conduct created liability

16  
17  under the Labor Code Private Attorneys' General Act ("PAGA"). PAGA claims are

18  extraordinarily difficult to evaluate because there are several obstacles to the actual

19  
20  award of the civil penalty. First, it is arguably unclear whether penalties continue to

21  accrue until the court finds a violation to exist. Second, Labor Code § 2699(e)(1)

22  
23  and (2) give trial courts immense discretion to access or lower the penalty amount.

24  Cal. Labor Code § 2699(e)(2) Indeed, several courts have exercised their broad

25  discretion and have dramatically limited PAGA awards. *See e.g., Fleming v.*

26  
27  *Covidien Inc.*, 2011 WL 7563047, at *3-4 (C.D. Cal. Aug. 12, 2011); *Thurman v.*

28  *Bayshore Transit Mgmt.*, 203 Cal.App.4th 1112, 1135-36 (2012); *Magadia v. Wal-*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  *Mart Associates, Inc.*, 384 F.Supp. 1058 (N.D. Cal. 2019). Third, defendants

2

3  routinely argue that, when other statutory penalties have been imposed, additional

4  penalties under PAGA are unjust.

5

6  Thus, while the PAGA calculation herein for approximately 17,898 pay

7  periods could reach $7.09 million (i.e., a calculation identical here to the one for §

8  226 penalties), the likelihood of that sum ever being awarded is extremely slim.

9

10  Given that PAGA penalties would likely be deemed duplicative of other penalties

11  awardable here, given the extreme "haircuts" many courts are giving to PAGA

12  penalties, and given the presence here of class action allegations, PAGA penalties

13

14  were significantly discounted.

15  **5. Summary**

16

17  In sum, assuming (liability and class certification) success on each of the

18  claims, at the level hoped for by Representative Plaintiff, the claims could be as high

19  as:

20

21

22

23

| Meal/Rest Breaks | Waiting Time | Wage Statements | PAGA | TOTAL |
|---|---|---|---|---|
| ~$5.5M | ~$1.3 | ~$1.7M | ~$7M | ~$16M |

24

25  However, based on CVN's conversations with the named Plaintiff, knowledge

26

27  of workflows, and typical conditions within the delivery and logistics industry and

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

analysis of Defendant's meal and rest break policies, a number of deductions would be appropriate from those totals, due to:

Meal/Rest Periods: Many workers worked below the threshold number of hours for meal or rest period entitlements, worked less than five days per week, and only missed breaks (when they did) out of choice or mis-punches. More likely, one to two violations per pay period is more realistic.

Waiting Time Penalties: If not all workers had meal/rest period violations to begin with, worked less than 8 hours per day, the starting place for this penalty analysis needs to be discounted.

Wage Statement Penalties: For the same reasons as those supporting a Waiting Time Penalty reduction, the top end/potential § 226 penalty level should be reduced, even before a liability analysis for them begins.

PAGA: The penalties only apply if a predicate violation applies, which it oftentimes likely would not. Given that, the starting place for a PAGA analysis should be reduced.

Thus, *before even considering the likelihood of recovering these damages/penalties*, the analysis would look more like this:

| Meal /Rest Breaks | Waiting Time | Wage Statements | PAGA | TOTAL |
|---|---|---|---|---|
| $500K | $250K | $250K | $200K | $1.2M |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

While, on its face, the total damages and penalties available to Class Members under either scenario are certainly higher than the settlement amount, so were the risks and delays inherent in protracted litigation. And further litigation wouldn't necessarily have tipped the scales in favor of either party since (a) significant discovery was already available to them and, as in all litigation, (2) both good and bad facts would inevitably have come to light for each side. What is certain, however, is that TireHub LLC would have fought the action very aggressively, thereby delaying the benefits now available through settlement to Class Members for quite some time. As a result, the extraordinary result of a $550,000.00 fund is more than reasonable when balanced against the risks of continued litigation.

## C. THE RISK, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION SUPPORTS SETTLEMENT

In evaluating for fairness, the Court should weigh the benefits of settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971). As California jurists have recognized, there exists "an overriding public policy favoring settlement of class actions." *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 30 Cal.4th 1037, 1054 (2003) (citing *Franklin v. Kayrpo Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("public policy favor[s] the compromise and settlement of disputes")). The alternative to a class action, namely, numerous individual actions,

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

could tax private and judicial resources for years. Given the relatively modest, though not inconsequential, amount of damages Settlement Class Members allegedly incurred, it would be uneconomical even for those with the resources to secure individual legal representation. Here, however, the settlement provides *all* Settlement Class Members the opportunity of monetary recovery in a prompt and efficient manner, without the risk of the Court denying class certification and these workers potentially recovering nothing at all.

CVN considered that, even if Representative Plaintiff prevailed on both class certification and liability, the process could be lengthy and costly, potentially including appeals. As with most complex litigation, wage and hour class action certification rarely ends with a certification ruling. The losing party often takes an appeal after disposition of liability and/or damages. Even a successful judicial resolution at the trial court level can be just the beginning of a lengthy, expensive process, stalling payments to Class Members for years. This judicial purgatory is compounded by the risk of an adverse appellate ruling, which would remand the action to the trial court for further litigation, possibly with negative precedent. *See*, *e.g.*, *Chau v. Starbucks Corp.*, 174 Cal.App.4th 688 (2009) As such, the complexity, expense, and delay of continued litigation supports approval of this settlement.

## V.    THE SETTLEMENT MEETS THE STANDARD FOR PROVISIONAL CLASS CERTIFICATION

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

When the class has not been certified prior to settlement–as here–the parties may stipulate that a defined class be conditionally certified for settlement purposes only. *County of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1422, 1425 (E.D.N.Y. 1989). However, the traditional prerequisites for certification are used to determine whether conditional certification of the proposed class should be granted. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). This case satisfies these elements for purposes of conditional certification. A court may certify a class if the Plaintiff demonstrates the class meets the requirements of Federal Rules of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) contains four prerequisites to class certification: (1) the class must be so numerous that joinder is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims of the class representative must be typical of the other Class Members; and (4) the representative parties must fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)*. Rule 23(b) requires one of the following: (1) prosecuting the claims of Class Members separately would create a risk of inconsistent or prejudicial outcomes; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief benefitting the whole class is appropriate; or (3)

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

common questions of law or fact predominate so that a class action is superior to another method of adjudication. *Fed. R. Civ. P. 23(b).*

### A. THE CLASS IS SUFFICIENTLY NUMEROUS

Rule 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." *Fed. R. Civ. P. 23(a)(1).* "Impracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964). Although there is no specific numeric requirement, courts generally have found that a class of at least 40 members is sufficient. See *Rannis v. Recchia,* 380 F. App'x 646, 651 (9th Cir. 2010); *In re Cooper Cos. Inc. Sec. Litig.,* 254 F.R.D. 628, 634 (C.D. Cal. 2009). Here, the class consists of approximately 458 employees, which is sufficiently numerous. With this workforce size, joinder of all Class Members would be impracticable and the relatively small value of each individual claim makes it unlikely individual workers would pursue relief absent class certification, diminishing the prospect that joinder is a feasible alternative.

### B. THE CLASS HAS A WELL-DEFINED COMMUNITY OF INTEREST IN QUESTIONS OF LAW AND FACT

The "community of interest" requirement requires: (1) predominant common questions of law or fact, (2) Class Representatives whose claims or defenses are

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    typical of the class, and (3) Class Representatives who adequately represent the

2    class. *Brinker*, 53 Cal.4th at 1021.

3

4        **1. The Class Satisfies the Commonality Element**

5

6        The first prong of the test (i.e., predominant common questions of law or fact)

7    is met so long as common questions are likely to arise in the action and the theory

8    of recovery is "amenable to class treatment." *Sav-On Drug Stores, Inc. v. Superior*

9    *Court*, 34 Cal.4th 319, 327 (2004). The Class Members' claims in this action stem

10   from Defendant's alleged uniform practice of overloading deliveries on routes to

11   prevent Class Members from being about to take their meal and rest periods.

12   Representative Plaintiff contended these alleged practices undermined TireHub's

13   otherwise compliant meal and rest break policies.

14

15       Moreover, Class Members' duties did not vary significantly, nor did their

16   actual experiences. During this class period, Defendant's policies and procedures

17   changed little, and TireHub required all Class Members to adhere to them. Not only

18   do Class Members thus share common policies on paper, CVN's investigation

19   revealed they were treated as a homogenous group. Given the uniform nature of

20   Class Members' job duties, Defendant's policies and procedures, and the fact that

21   working conditions were common, this case is suitable for class treatment. Allowing

22   adjudication of these claims on a class basis would be superior to letting individual

23   claims from transient, low-income workers, which would be less efficient and lead

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

to a waste of resources and potentially inconsistent results. Indeed, the following common questions of law and fact, among others, flow logically from the practices detailed above:

- Whether Defendant violated each of the elements of Labor Code §§ 203, 226, 226.7 and 512 (the primary claims);

- Whether failing to pay and record meal and rest period premiums on employees' pay stubs was a violation of Labor Code § 226;

- Whether a violation of §§ 226.7 and/or 512 supports penalties under §§ 203 and/or 226;

- To what degree Class Members' job duties were common;

- How Defendant communicated its meal and rest break policies to Class Members;

- How Defendant scheduled workers, including use of common timekeeping and/or advanced schedules;

- Whether the class is entitled to PAGA penalties, and, if so, in what amount.

Given the host of common questions of law and fact, the commonality requirement is satisfied. *Hanlon*, at 1019-20; *Gutierrez v. Kovacevich "5" Farms*, 2004 WL 3745224, at *5 (E.D. Cal. Dec. 2, 2004) (finding commonality satisfied where Plaintiffs presented common questions of whether defendants failed to pay Plaintiffs for all time worked); *Rainbow Bus. Solutions v. Merch. Servs*, 2013 U.S.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

Dist. LEXIS 179288, *15 (N.D. Cal. 2013) (shared legal issues with divergent factual predicates sufficient for class certification); *Tierno v. Rite Aid Corp.*, 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (certifying a wage and hour class of retail store managers based on a common evaluation process).

Following the California Supreme Court's seminal decision in *Brinker*, courts are routinely certifying these types of claims. See e.g *Ghazaryan v. Diva Limousine, Ltd.*, 169 Cal.App.4th 1524, 1538 (2008); *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1, 14 (2007) Starting with *Brinker*, California courts have repeatedly affirmed that "a uniform policy, and that policy, measured against wage order requirements, allegedly violated the law–*is by its nature* a common question eminently suited for class treatment." *Brinker*, 53 Cal.4th at 1033 (emphasis added). And, post-*Brinker*, courts are routinely *reversing denials* of certification when a common policy is the central issue. *Bradley v. Networkers International, LLC*, 211 Cal.App.4th 1129 (2012); *Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal.App.4th 220 (2013); *Benton v. Telecom Network Specialists, Inc.*, 220 Cal.App.4th 701 (2013); *Bluford v. Safeway Stores, Inc.*, 216 Cal.App.4th 864 (2013). The evidence here shows sufficient commonality to justify class treatment for settlement purposes.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-36-
PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

### 2. Plaintiff Satisfies the Typicality Element

The second prong (i.e., typicality) is met when the class representative has claims or defenses typical of the class. *Sav-On*, 34 Cal.4th at 326. Here, typicality is met because the Representative Plaintiff's claims arise from the same facts and are based on the same legal theories as those applicable to the class as a whole, yet those claims "need not be substantially identical." *Sav-On*, 34 Cal.4th at 326; *Hanlon*, 150 F.3d at 1020. In deciding whether individual variations preclude typicality, the focus should be on the behavior of the defendants. *Day v. NLO*, 851 F. Supp. 869, 884 (S.D. Ohio 1994). The Representative Plaintiff alleges the denial of meal and rest periods, seek to champion precisely those claims for the remaining Class Members, and worked in the same or similar positions, under the same policies and procedures.

### 3. Plaintiff and Her Counsel Satisfy the Adequacy Requirement

Under the third prong, Class Members are adequately represented if the named Plaintiff and its counsel (1) do not have conflicts of interest with Class Members and (2) will prosecute the case vigorously for the class. *Hanlon*, 150 F.3d at 1020. Here, there is no conflict of interest between Representative Plaintiff (or her attorneys) and the remaining Class Members. Even if there were such a conflict in a certain instance, any class member may "opt-out" of the class. Finally, CVN has significant experience in wage and hour class action litigation and is routinely appointed class counsel in cases alleging precisely these issues. Thus, CVN and its client clearly

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY APPROVAL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

have the motivation and ability to litigate this class action had a fair settlement not been obtained.

## VI.    THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE

Adequate notice is critical to court approval of a class settlement. *Hanlon*, 150 F.3d at 1025. The threshold requirement concerning the sufficiency of class notice is whether the means employed to distribute the notice is reasonably calculated to apprise the class of the pendency of the action, of the proposed settlement, and of Class Members' rights to opt out or object. *Eisen*, 417 U.S. at 173-74 (1974). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

As detailed above the Notice is written in simple, straightforward language that, among other things, includes: (1) basic information about the action, (2) a description of the benefits provided by settlement, (3) an explanation of how Class Members can obtain benefits under the settlement, (4) an explanation of how Class Members can exercise their right to object to the settlement, (5) an explanation that any claims against Defendants that could have been litigated in this action will be released if the class member does not request exclusion from the settlement, (6) the names of Class Counsel and information regarding the requested attorneys' fees and

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

expenses and Representative Plaintiff's service award, (7) the Final Approval Hearing date, (8) an explanation of eligibility for appearing at the Final Approval Hearing, and (9) contact information to obtain additional information. Since the Notice provides Class Members with sufficient information to make an informed and intelligent decision about the settlement, it satisfies all due process requirements. *In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *4 (N.D. Cal. Aug. 2, 2011); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (where class notice communicated the essentials of the proposed settlement in a sufficiently balanced, accurate, and informative way, it satisfied due process concerns).

## VII.   A FINAL APPROVAL HEARING SHOULD BE SET

The final step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and arguments necessary to make its evaluation regarding the settlement. *MCL* § 21.63 at 318. Representative Plaintiff requests the Court set a final approval hearing at a time convenient for the Court, roughly 85 calendar days after preliminary approval.

## VIII.   CONCLUSION

For the reasons set forth above, Representative Plaintiff respectfully requests that the Court (1) grant preliminary settlement approval, (2) approve the content and plan for distribution of the Notice, (3) appoint class counsel, representative Plaintiff

1   and a claims administrator, (4) conditionally certifying the class, and (5) schedule a

2

3   Final Approval Hearing.

4

5   Dated: February 2, 2023                    **COLE & VAN NOTE**

6

7                                   By:    */s/ Laura Van Note*
                                           Laura Van Note, Esq
8                                          Attorneys for Representative Plaintiff

9

10

11

12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28