1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DONSHEA JONES, individually and on          No.  2:21-cv-0564 DB
    behalf of all others similarly situated,
12

13                        Plaintiff,            ORDER

14          v.

15  TIREHUB LLC,

16                        Defendant.

17  _____

18          Each of the parties in the above-captioned case has consented to proceed before a United

19  States Magistrate Judge.  See U.S.C. § 636(c).  Accordingly, this matter has been reassigned to

20  the undersigned for all purposes.  (ECF No. 61.)  Pending before the court is plaintiff's

21  unopposed motion for preliminary approval of a class action settlement.  (ECF No. 55.)  Having

22  reviewed the record, plaintiff's motion for preliminary approval of a class action settlement is

23  granted as explained below.

24                            **BACKGROUND**

25          Plaintiff commenced this action on February 10, 2021, by filing a complaint in the Solano

26  County Superior Court.  (ECF No. 1-3 at 6.[1])  The matter was removed to this court on March 26,

27  _____

28  [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

                                    1

1    2021 pursuant to the Class Action Fairness Act of 2005.  (ECF No. 1 at 2.)  Plaintiff is proceeding

2    on a second amended complaint filed on August 16, 2021.  (ECF No. 22.)

3         The second amended complaint alleged the following claims against defendant Tirehub,

4    LLC: (1) failure to pay wages; (2) failure to provide meal and rest periods; (3) failure to provide

5    accurate itemized wage statements; (4) failure to pay wages on termination; (5) unfair business

6    practices based on the foregoing; and (9) California's Private Attorneys General Act ("PAGA").

7    (Id. at 12-22.)

8          Defendant filed an answer on September 7, 2021.  (ECF No. 25.)  On February 2, 2023,

9    plaintiff filed a motion for preliminary approval of a class action settlement.  (ECF No. 55.)

10   Defendant did not file a statement of opposition.  On May 16, 2023, plaintiff's motion was taken

11   under submission.  (ECF No. 64.)

12                              **LEGAL STANDARDS**

13        The settlement of class actions is supported by strong judicial policy.  Class Plaintiffs v.

14   City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  However, "[t]o guard against th[e] potential

15   for class action abuse, Rule 23(e) of the Federal Rules of Civil Procedure requires court approval

16   of all class action settlements, which may be granted only after a fairness hearing and a

17   determination that the settlement taken as a whole is fair, reasonable, and adequate."  In re

18   Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 946 (9th Cir. 2011).

19        "It is the settlement taken as a whole, rather than the individual component parts, that

20   must be examined for overall fairness."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir.

21   1998) (citing Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 628 (9th

22   Cir. 1982)).  "Where, as here, the parties reach a settlement before class certification, the district

23   court must apply a 'higher standard of fairness.'"  Cotter v. Lyft, Inc., 176 F.Supp.3d 930, 935

24   (N.D. Cal. 2016) (quoting Hanlon, 150 F.3d at 1026).  "This additional scrutiny requires the court

25   to look for and scrutinize 'any subtle signs that class counsel have allowed pursuit of their own

26   self-interests to infect the negotiations.'"  In re Apple Inc. Device Performance Litigation, 50

27   F.4th 769, 782 (9th Cir. 2022) (quoting McKinney-Drobnis v. Oreshack, 16 F.4th 594, 607 (9th

28   Cir. 2021)).  In this context, "'courts must peruse the proposed compromise to ratify both the

propriety of the certification and the fairness of the settlement.'" In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, 895 F.3d 597, 606 (9th Cir. 2018) (quoting Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003)). "The factors and warning signs identified in Hanlon, Staton, In re Bluetooth, and other cases are useful, but in the end are just guideposts." Id. at 611.

"District courts have interpreted Rule 23(e) to require a two-step process for the approval of class action settlements: 'the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" In re High-Tech Emp. Antitrust Litig., No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004)). In evaluating a proposed settlement at the preliminary approval stage, "[s]ome district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" In re High–Tech Emp. Antitrust Litig., 2014 WL 3917126, at *3 (quoting In re Tableware Antitrust Litig., 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)).

## ANALYSIS

### A.      Preliminary Class Certification

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542 (9th Cir. 2013). Rule 23(a) "requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation." Id. The "specifications of the Rule . . . demand undiluted, even heightened, attention in the settlement context." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997).

#### 1.      Numerosity

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Courts have found the requirement satisfied when the class comprises of as few as thirty-nine members, or where joining all class members would serve only to impose

1  financial burdens and clog the court's docket."  Goodwin v. Winn Management Group LLC, No.

2  1:15-cv-0606 DAD EPG, 2017 WL 3173006, at *5 (E.D. Cal. July 26, 2017).

3      Here, plaintiff is seeking to certify a class of 458 members.  (ECF No. 55 at 33.)  The

4  court finds that the numerosity requirement is satisfied.

5          **2.      Commonality**

6      The requirement for commonality is satisfied when "there are questions of law or fact that

7  are common to the class."  Fed. R. Civ. P. 23(a)(2).  "[T]he key inquiry is not whether the

8  plaintiffs have raised common questions," but "whether class treatment will 'generate common

9  answers apt to drive the resolution of the litigation.'"  Arredondo v. Delano Farms Co., 301

10  F.R.D. 493, 503 (E.D. 2014) (quoting Abdullah v. U.S. Sec. Assocs., 731 F.3d 952, 957 (9th Cir.

11  2013)); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) ("What matters to

12  class certification . . . is not the raising of common 'questions'—even in droves—but, rather the

13  capacity of a classwide proceeding to generate common answers apt to drive the resolution of the

14  litigation.").

15      Here, a classwide proceeding would generate the common answer to whether defendant

16  engaged in a "uniform practice of overloading deliveries on routes to prevent Class Members

17  from being [able] to take their meal and rest periods."  (ECF No. 55 at 34.)  "Because it therefore

18  appears that the same alleged conduct of defendant would form the basis of each of the plaintiff's

19  claims class relief based on commonality is appropriate."  Murillo v. Pacific Gas & Elec. Co., 266

20  F.R.D. 468, 475 (E.D. Cal. 2010) (citation, quotation, and alteration omitted).

21      Therefore, the court finds the commonality requirement satisfied.

22          **3.      Typicality**

23      "The test of typicality 'is whether other members have the same or similar injury, whether

24  the action is based on conduct which is not unique to the named plaintiffs, and whether other

25  class members have been injured by the same course of conduct.'"  Hanon v. Dataproducts Corp.,

26  ////

27  ////

28  ////

4

1    976 F.2d 497, 508 (9th Cir. 1992).  Here, plaintiff and the class members were allegedly

2    subjected to the same practices resulting in the same or similar injuries.

3         Accordingly, the court finds the typicality requirement satisfied.

4         **4.    Adequacy**

5         "To satisfy constitutional due process concerns, absent class members must be afforded

6    adequate representation before entry of a judgment which binds them." Hanlon, 150 F.3d at

7    1020.  "To determine whether named plaintiffs will adequately represent a class, courts must

8    resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest

9    with other class members and (2) will the named plaintiffs and their counsel prosecute the action

10   vigorously on behalf of the class?'" Ellis v. Costco Wholesale Corp., 657 F.3d 970, 985 (9th Cir.

11   2011) (quoting Hanlon, 150 F.3d at 1020).

12        Here, there is nothing before the court to suggest that the named plaintiff or class counsel

13   has any conflict of interest with any class member.  To the contrary, it appears that plaintiff has

14   the same interest and injury as the other class members.  And plaintiff's counsel are experienced

15   litigators of class actions involving the precise claims here.  (ECF No. 55-1 at 59-64.

16        Accordingly, the court finds the adequacy requirement satisfied.

17        **5.    Rule 23(b)(3)**

18        Having satisfied the requirements for Rule 23(a), plaintiff must also satisfy at least one of

19   the categories under Rule 23(b).  "To qualify for certification under Rule 23(b)(3), a class must

20   meet two requirements beyond the Rule 23(a) prerequisites: Common questions must

21   'predominate over any questions affecting only individual members'; and class resolution must be

22   'superior to other available methods for the fair and efficient adjudication of the controversy.'"

23   Amchem, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3)).  "'[T]he focus of the predominance

24   inquiry' is whether 'a proposed class is sufficiently cohesive to warrant adjudication by

25   representation.'" Castillo v. Bank of America, NA, 980 F.3d 723, 730 (9th Cir. 2020) (quoting

26   Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455 (2013)).

27        "When common questions present a significant aspect of the case and they can be

28   resolved for all members of the class in a single adjudication, there is clear justification for

1    handling the dispute on a representative rather than on an individual basis."  Hanlon, 150 F.3d at

2    1022 (quotation omitted).  Here, plaintiff challenges defendant's uniform employment policies.

3    "Class actions in which a defendant's uniform policies are challenged generally satisfy the

4    predominance requirement of Rule 23(b)(3)."  Goodwin, 2017 WL 3173006, at *7.

5         In analyzing superiority, "the court should consider class members' interests in pursuing

6    separate actions individually, any litigation already in progress involving the same controversy,

7    the desirability of concentrating the litigation in one forum, and potential difficulties in managing

8    the class action-although the last two considerations are not relevant in the settlement context."

9    Palacios v. Penny Newman Grain, Inc., No. 1:14-cv-1804 KJM, 2015 WL 4078135, at *6 (E.D.

10   Cal. July 6, 2015).

11        Here, forcing class members to proceed individually on identical claims, in which the

12   relief is relatively small, is antagonistic to the class members' interest.  And the court is aware of

13   no other litigation in progress.  Accordingly, the court finds that a class action is superior to

14   having the plaintiffs proceeding individually.

15        Having found the requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied, the

16   court conditionally certifies the class for settlement purposes.

17        **B.      Terms of the Proposed Settlement**

18        The basic provisions of the parties' proposed settlement are as follows.  The parties have

19   agreed to settle the claims of a class defined as all persons employed by defendant as non-exempt

20   employees on or after February 10, 2017, to the date of preliminary approval, excluding those

21   individuals who opt out.  (ECF No. 55 at 12.)  Defendant has agreed to pay a gross settlement

22   amount of $550,000 to resolve the claims of class members who do not opt out.  (Id.)  The

23   following deductions will be subtracted from the gross settlement amount[2]:

24   - $40,000 PAGA payment pursuant to California Labor Code § 2698 *et seq*., distributed
     75% to the California Labor and Workforce Development Agency and 25% to Net
25   Settlement Fund.

26

27   _____

     [2] Defendant's share of the payroll taxes will be paid separately from the Gross Settlement Fund
28   and Settlement Class Members settlement shares will be allocated as 20% wages and 80% interest
     for tax purposes.  (ECF No. 55 at 18.)

- Administrative Expenses not to exceed $9,370.
- Employee's Taxes and Required Withholdings including federal, state, or local payroll taxes.
- Class Attorney Fees of 33.5% of the gross settlement, ($183,315.00) and Expenses not to exceed $10,000.
- Incentive Award to plaintiff of up to $5,000.

(Id. at 12-18.)

Each class participant will receive a pro rata share of the net settlement amount based on the number of Compensable Workweeks worked during the Settlement period divided by the total number of Compensable Workweeks worked by all Settlement Class Members during the period. (Id. at 13.)

Class participants will be given 180 days to cash their settlement checks.  (Id.)  If more than 5% of class members opt-out of the settlement, defendant may withdraw from the settlement. (ECF No. 55-1 at 43.)  CPT Group, Inc., will be responsible for the administration of the settlement.  (Id. at 23, 55.)  Within 15 days of this order Class Notice will be sent by first class mail to the Plaintiff Class.  (Id. at 34.)

**C.      Preliminary Fairness Determination**

When assessing a proposed class action settlement, the court should balance several factors including:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Hanlon, 150 F.3d at 1026.

A "preliminary approval of a settlement has both a procedural and a substantive component."  In re Tableware Antitrust Litigation, 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007). As to the procedural component, "a presumption of fairness applies when settlements are negotiated at arm's length, because of the decreased chance of collusion between the negotiating parties."  Gribble v. Cool Transports Inc., No. CV 06-4863 GAF (SHx), 2008 WL 5281665, at *9

7

1  (C.D. Cal. Dec. 15, 2008).  Likewise, "[p]articipation in mediation tends to support the

2  conclusion that the settlement process was not collusive."  Ogbuehi v. Comcast of

3  California/Colorado/Fla./Oregon, Inc., 303 F.R.D. 337, 350 (E.D. Cal. 2014) (quotation omitted).

4  With respect to the substantive component, "[a]t this preliminary approval stage, the court need

5  only 'determine whether the proposed settlement is within the range of possible approval.'"

6  Murillo, 266 F.R.D. at 479 (quoting Gautreaux v. Pierce, 690 F.2d 616, 621 n. 3 (7th Cir.1982)).

7         Here, the settlement was reached after discovery and two rounds of private mediation.

8  (ECF No. 55 at 11-12.)  Additionally, the court has reviewed the proposed settlement and the

9  parties' briefing, and finds that the settlement is within the range of possible approval.  See

10  generally Goodwin v. Winn Management Group LLC, No. 1:15-cv-0606 DAD EPG, 2017 WL

11  3173006, at *5 (E.D. Cal. July 26, 2017) (preliminary approval of $250,000 settlement involving

12  similar claims for class of 1,259).

13         The court, therefore, will grant preliminary approval of the settlement.

14         **D.     Concerns Going Forward**

15         Despite preliminary approval, the court has the following concerns which the parties shall

16  address in briefing prior to the Final Approval Hearing:

17         **1.     Attorneys' Fees**:  The proposed settlement includes a "clear sailing agreement" in

18  which defendant agrees not to object to the award of attorneys' fees.  (ECF No. 55-1 at 20); In re

19  Bluetooth, 654 F.3d at 947.  "When a district court encounters such a provision, it must 'peer into

20  the provision and scrutinize closely the relationship between attorneys' fees and benefit to the

21  class,' even when the settlement has been negotiated 'with a neutral mediator before turning to

22  fees.'"  Kim v. Allison, 8 F.4th 1170, 1180 (9th Cir. 2021) (quoting In re Bluetooth, 654 F.3d at

23  948).  In order to obtain final approval, the parties must provide adequate briefing to evaluate the

24  reasonableness of the agreed upon attorneys' fees, including information from which the court

25  may determine the lodestar and percentage of recovery.

26         **2.     Plaintiff's Incentive Award**:  As noted above, plaintiff is seeking a $5,000

27  incentive award.  (ECF No. 55-1 at 27.)  Plaintiff shall provide a detailed declaration describing

28  ////

plaintiff's current employment status, any risk faced as a class representative, specific activities performed as class representative, and the amount of time spent on each activity.

**3.    Discovery and Mediation**:  Plaintiff has asserted that this settlement occurred after conducting discovery and mediation.  (Id. at 11-12.)  The parties briefing shall address with specificity what discovery was produced, and what information was exchanged pursuant to the mediation.  This information includes, but is not limited to, mediation statements and any relevant communications during the negotiations.

**4.    Notice**:  It appears from the settlement's Notice and Opt-Out Procedure that there is the potential for known class members whose notice is ultimately returned as undeliverable to be nonetheless bound by the terms of the settlement and yet not receive payment.  The parties' briefing shall address this issue and the court's concerns with respect to fairness.  See Palacios v. Penny Newman Grain, Inc., No. 1:14-cv-1804 KJM, 2015 WL 4078135, at *10 (E.D. Cal. July 6, 2015) ("This aspect of the Settlement Agreement may not sufficiently protect absent class members' due process rights."); Lusby v. Gamestop Inc., 297 F.R.D. 400, 413 (N.D. Cal. 2013) ("The Court finds that this aspect of the Settlement Agreement does not give due process to Class Members who are known not to have received notice of the Settlement Agreement, and yet are bound by its terms.").

**5.    Enforcement**:  The parties are advised that the court does not intend to maintain jurisdiction to enforce the terms of the settlement agreement absent an independent basis for federal jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994).  The parties may address any concerns with respect to this in their briefing.

## FINAL APPROVAL HEARING SCHEDULE

| | |
|---|---|
| Defendant to make payment of the Gross Settlement Amount to the Settlement Administrator. | Within 21 calendar days of the date of this order.  These funds shall be held in a trust account by the Administrator pending final approval. |
| Defendant to provide Class List to the Settlement Administrator. | Within 10 calendar days of the date of this order. |

9

| Settlement Administrator to mail Notice Packet to Class Members. | Within 15 calendar days of the date of this order. |
|---|---|
| Deadline for Class Members to object to, or opt out of, the Settlement. | Within 30 calendar days after mailing of Notice Packet by the Settlement Administrator (or not more than ten calendar days after the date the Class Notice is re-mailed). |

**CONCLUSION**

1.  Plaintiff's February 2, 2023 motion for preliminary approval of class action settlement (ECF No. 55) is granted.

2.  Pursuant to Rule 23, and for purposes of settlement only, the following class, estimated to consist of 458 employees, is preliminarily and conditionally certified:

> Plaintiff and all persons employed by Defendant as non-exempt employees on or after February 10, 2017, to the date of this order, excluding any individual who opts out of the settlement.

3.  Plaintiff Donshea Jones is preliminarily appointed as Class Representative.

4.  Cole & Van Note, by and through Lead Counsel Laura Van Note, are hereby preliminarily approved and appointed as Class Counsel.

5.  CPT Group, Inc. is hereby appointed as the Settlement Administrator.

6.  The court grants preliminary approval of the Settlement between plaintiff and defendant Tirehub LLC based upon the terms set forth in the Settlement Agreement (ECF No. 55-1).

7.  The Settlement Agreement appears to be fair, adequate and reasonable, and the court preliminarily approves the terms of the Settlement Agreement.

8.  The court approves, as to form and content, the Notice of Settlement of Class Action Lawsuit filed in support of preliminary approval.  (ECF No. 55-1 at 52-55).  The court further approves the procedure for Class Members to opt out of, and to object to, the Settlement as set forth in the Settlement Agreement.

9.  The court directs the mailing of the Notice Packet in accordance with the terms of the Settlement Agreement and on the schedule set forth above.  The court finds the dates selected for

10

the mailing and distribution of the Notice Packet, as set forth above, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto, subject to the concerns noted above.

10.  On or before **September 8, 2023,** Class Counsel shall file a motion for final approval on the question of whether the proposed Settlement, including the requested attorneys' fees and costs to Class Counsel, and whether the Class Representative's Incentive Award should be finally approved as fair, reasonable and adequate as to the members of the Class;

11.  Defendant may file a response to the motion or before **September 15, 2023**.

12.  Class Counsel may file a reply, if any, on or before **September 22, 2023.**

13.  A Final Approval Hearing is set for **October 6, 2023**, at **10:00 a.m.** in courtroom no. 27 before the undersigned.

11.  The parties to the Agreement are directed to carry out their obligations under the Settlement Agreement.

Dated:  May 25, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\jones0564.mot.pre.approv.ord

11