SCOTT EDWARD COLE (S.B. #160744)
LAURA VAN NOTE (S.B. #310160)
CODY ALEXANDER BOLCE (S.B. #322725)
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:    sec@colevannote.com
Email:    lvn@colevannote.com
Email:    cab@colevannote.com

Attorneys for Plaintiff, DONSHEA JONES

EUGENE RYU, Bar No. 209104
Gene.Ryu@klgates.com
PENNY CHEN, Bar No. 280706
Penny.Chen@klgates.com
ALISON HAMER, Bar No. 258281
Alison.Hamer@klgates.com
PAUL SUH, Bar No. 321028
Paul.Suh@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd.
8th Floor
Los Angeles, CA  90067
Telephone: 310.553.5000
Fax No.:    310.553.5001

Attorneys for Defendant,
TIREHUB, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA JONES, individually, and on behalf of all others similarly situated.<br><br>          Plaintiff,<br><br>     v.<br><br>TIREHUB, LLC, and DOES 1-100, inclusive,<br><br>          Defendants. | No.  2:21-cv-0564 DB<br><br>**JOINT REQUEST TO MODIFY ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER** |

<u>**JOINT REQUEST TO MODIFY ORDER GRANTING PRELIMINARY**</u>
<u>**APPROVAL OF CLASS ACTION SETTLEMENT**</u>

Plaintiff Donshea Jones ("Plaintiff"), on behalf of himself individually and on behalf of all members of the Plaintiff Class ("Plaintiffs"), and Defendant Tirehub LLC ("Defendant") (Plaintiffs and Defendant are collectively referred to as "the Parties") respectfully request that the Court modify the May 25, 2023 Order granting Plaintiff's Motion for Preliminary Approval of a Class Action Settlement ("Order") (Doc. 65) to: (1) correct the deadline for Defendant to provide the Settlement Administrator the class list to be 10 business days, rather than 10 calendar days, from this Court's Order; (2) correct the deadline for Defendant to fund the gross settlement amount to be 21 calendar days after the Effective Date of the Settlement rather than 21 calendar days after this Court's Order; and (3) approve the version of the Class Notice that the Parties jointly approved prior to Plaintiff filing the Motion for Preliminary Approval of Class Action Settlement rather than the Class Notice inadvertently attached to Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

## <u>BACKGROUND</u>

WHEREAS, the Parties executed a Wage and Hour Class Action Settlement Agreement and Release of Claims ("Settlement Agreement") in which the Parties agreed to various deadlines relating to the administration of the Settlement.  (Doc. 55-1, Ex. A.)

WHEREAS, Paragraph 54 of the Settlement Agreement provides: "Within ten (10) **business** days of the entry of an Order granting preliminary approval of the Settlement and Class Notice, Defendant will provide the Settlement Administrator a 'Plaintiff Class List,' which shall include the first and last name, the last known addresses, the social security number, the number of Compensable Workweeks that each member of the Plaintiff Class worked for Defendant during the Settlement Period, and the number of Compensable Pay Periods that each PAGA Employee worked during the PAGA Period."  (*Id.* at ¶ 54) (Emphasis added.)

2.

WHEREAS, the Court's Order set a Final Hearing Schedule requiring Defendant to provide the Class List to the Settlement Administrator "[w]ithin 10 **calendar** days of the date of this order.  (Doc. 65 at p. 9:26-27.) (Emphasis added.)

WHEREAS, Paragraph 35 of the Settlement Agreement provides: "Within t**wenty-one (21) calendar days after the Effective Date**, Defendant shall transfer to the Settlement Administrator an amount equal to the Gross Settlement Fund and the employer's share of payroll taxes."  (Doc. 55-1, Ex. A ¶ 35) (Emphasis added.)

WHEREAS, Paragraph 10 of the Settlement Agreement defines the Effective Date to mean "61 days following the date on which the District Court's Order granting final approval of this Settlement Agreement ('Final Approval Order') becomes final. The Superior (sic) Court's Order 'becomes final' upon the last of the following to occur:

    a.     when the period for filing any appeal, writ, intervention, or other proceeding opposing Settlement has elapsed without any appeal, writ, intervention, or other proceeding having been filed;

    b.     when any appeal, writ, intervention, or other proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or

    c.     when any appeal, writ, intervention, or other proceeding has upheld the Court's Final Order and Judgment with no right to pursue further remedies or relief.

(*Id.* at ¶ 32.)

WHEREAS, the Court's Order setting a Final Hearing Schedule ordered "Defendant to make payment of the Gross Settlement Amount to the Settlement Administrator" "[w]ithin **21 calendar days of the date of this order**."  (Doc. 65 at p. 9:23-24.) (Emphasis added.)

WHEREAS, the Parties jointly approved submitting Exhibit A to this Joint Request as the Class Notice to Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, Plaintiff's counsel inadvertently submitted an erroneous version of the Class Notice.

WHEREAS, the Court's Order approved the erroneous version of the Class Notice.

3.

1

## REASONS FOR MODIFYING THE ORDER

2    First, the Parties respectfully request that the Court modify its Order to correct

3  the deadline for Defendant to provide the Settlement Administrator the class list to be

4  10 business days, rather than 10 calendar days, from this Court's Order.  Given that the

5  Parties received notice of the Court's Order on Friday May 26 before the Memorial Day

6  holiday, 10 business days would place this deadline on **June 12, 2023**, whereas 10

7  calendar days would place this deadline on **June 5, 2023**.  Because the Settlement

8  Agreement provides Defendant a release through the date of the Court's Order (Doc.

9  55-1, Ex. A ¶ 13), Defendant must prepare a settlement list with the number of

10  workweeks and pay periods the Plaintiff Class and PAGA Employees worked through

11  May 26, 2023.  Defendant is unable to do so by June 5, 2023.

12    Second, the Parties respectfully request that the Court modify its Order to correct

13  the deadline for Defendant to fund the Gross Settlement Amount to be 21 calendar days

14  after the Effective Date of the Settlement rather than 21 calendar days after this Court's

15  Order.  It is unlikely that the Settlement Administrator will have set up an escrow

16  account within 21 calendar days of the Court's Order.  It is also unlikely that the

17  Settlement Administrator will have calculated the payroll taxes Defendant must provide

18  when funding the Gross Settlement Amount within 21 calendar days of the Court's

19  Order.  Moreover, the Parties' Settlement Agreement provides that Defendant is only

20  obligated to fund the Gross Settlement Amount upon the Effective Date, which is

21  contingent upon this Court granting final approval of the class action settlement and the

22  exhaustion of any appeals (amongst other events) that may affect the finality of this

23  class action settlement.  (Doc. 55-1, Ex. A ¶¶ 32, 35.)  Further, the Settlement

24  Agreement reflects the Parties' meeting of the minds with respect to timing of the

25  settlement payment, and conditions that must be satisfied before funding obligations are

26  triggered.

27    Last, the Parties respectfully request that the Court approve the Class Notice

28  attached hereto as Exhibit A, which the Parties mutually approve.

4.

The Parties agree that modifying the Court's Order to be consistent with the terms of the Settlement Agreement and the requested modifications do not prejudice any party, including the Plaintiff Class, and rather, doing so would alleviate the prejudice resulting from additional burdens and shortened timeline not contemplated by the Parties when the settlement was reached.


Dated: June 2, 2023

/s/ Penny Chen
EUGENE RYU
PENNY CHEN
ALISON HAMER
PAUL SUH
K&L GATES, LLP
Attorneys for Defendant
TIREHUB, LLC

Dated: June 2, 2023

/s/ Laura Van Note
SCOTT EDWARD COLE
LAURA GRACE VAN NOTE
COLE & VAN NOTE
Attorneys for Plaintiff
DONSHEA JONES


Pursuant to Local Rule 131, I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature pages.

Dated: June 2, 2023

/s/ Penny Chen
PENNY CHEN

5.

315676855.1

1

### **ORDER**

2    FOR GOOD CAUSE SHOWN, and based on the Parties' Joint Request to

3  Modify Order Granting Preliminary Approval of Class Settlement, it is hereby

4  ORDERED that the May 25, 2023 Order granting Plaintiff's Motion for Preliminary

5  Approval of a Class Action Settlement ("Order") is hereby modified as follows:

6    1.    The timeline on page 9 of the Order shall hereby be modified to the

7  following:

8

| | |
|---|---|
| Defendant to make payment of the Gross Settlement Amount to the Settlement Administrator. | Within 21 calendar days of the Effective Date of the Settlement. |
| Defendant to provide Class List to the Settlement Administrator. | Within 10 business days of the Court providing notice of its May 25, 2023 Order on May 26, 2023. |

9

10

11

12

13

14

15    2.    The Court approves, as to form and content, the Class Action Notice

16  attached to the Joint Request to Modify Order Granting Preliminary Approval of

17  Class Settlement as Exhibit A.

18

19  Dated:  June 2, 2023

20

21

22    DEBORAH BARNES

23    UNITED STATES MAGISTRATE JUDGE

24

25

26

27  DLB:6
    DB\orders\orders.consent\jones0564.stip.mod.approv.ord

28

315676855.1